■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID THOMAS, Appellant. [614 NYS2d 643] —Mikoll, J. Appeal from a judgment of the County Court of Tompkins County (Friedlander, J.), rendered June 22, 1993, convicting defendant upon his plea of guilty of the crime of criminal possession of a weapon in the third degree.

Defendant contends on appeal that County Court erred in denying his request for adjudication as a youthful offender. Defendant pleaded guilty to criminal possession of a weapon in the third degree, a class D violent felony, in satisfaction of a multicount indictment involving the possession of loaded firearms.

The youthful offender statute, CPL 720.20, excepts from the definition of "eligible youth" a person convicted of an "armed felony", which includes possession of a deadly weapon (see, CPL 1.20 [41]). A deadly weapon is a loaded weapon from which a shot, readily capable of producing death or other serious physical injury, may be discharged (Penal Law § 265.02 [4]). Having pleaded guilty to criminal possession of a weapon in the third degree, defendant was not an "eligible youth". Notwithstanding his plea to an armed felony, youthful offender status could be accorded if County Court found mitigating circumstances (see, CPL 720.10 [3]).

Defendant urges that it is unclear as to whether County Court denied youthful offender treatment due to defendant's ineligibility or as a matter of sentencing discretion. This issue was not preserved for appellate review. Defendant failed to object to the court's sentencing procedure and never moved for reconsideration or clarification of the youthful offender determination under CPL 220.60 (3) or 440.10. We therefore decline to consider the question.

In any event, denial of the youthful offender treatment was an appropriate exercise of County Court's discretion. It was disclosed to the court by way of defendant's statement that his possession of the .38 caliber handgun was to protect a drug enterprise in which he was actively involved. Also, in considering the circumstances attendant on the commission of the crime, Grand Jury minutes were presented to the court by the District Attorney as part of the sentencing procedure. We find defendant's objection to their use for this purpose without merit. A sentencing court may consider any relevant information, subject only to the due process requirement that the information is "reliable and accurate" (People v Outley, 80 NY2d 702, 712). Considering the information supplied bearing on the manner in which the crime was committed and defendant's past criminal activity, the court properly found that no mitigating circumstances exist warranting youthful offender treatment (see, People v Cruickshank, 105 AD2d 325, 334, affd 67 NY2d 625).

Cardona, P. J., Crew III, White and Casey, JJ., concur. Ordered that the judgment is affirmed.