■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK A. CAMPBELL, Appellant. [667 NYS2d 128] —Yesawich Jr., J. Appeal from a judgment of the County Court of Chemung County (Castellino, J.), rendered March 19, 1996, convicting defendant upon his plea of guilty of the crime of robbery in the first degree.

Defendant was convicted upon a guilty plea of robbery in the first degree, stemming from his participation in an armed robbery in the Town of Horseheads, Chemung County, at a time when he was 18 years old. Due to the nature of his conviction, defendant was not automatically eligible for youthful offender status (*see,* CPL 720.10 [2] [a] [ii]; *see also,* CPL 1.20 [41]; Penal Law § 70.02 [1] [a]). Sentenced to, *inter alia,* a prison term of 3 to 6 years, after County Court found that no mitigating circumstances existed and defendant's participation in the crime was other than "relatively minor" (CPL 720.10 [3]), defendant appeals.

Defendant claims that County Court improperly failed to determine whether he was an "eligible youth" at the time of his conviction, and also challenges the substantive nature of the court's allegedly belated determination not to adjudicate him a youthful offender. We find no error in County Court's actions. Upon the court's acceptance of defendant's plea of guilty to an armed felony, it was clear that defendant could only be classified as an "eligible youth" in the court's discretion (*see,* CPL 720.10 [3]). The record contains no evidence that County Court abused this discretionary power (*see, People v Luisi,* 238 AD2d 811; *People v Snider,* 233 AD2d 621; *People v Thomas,* 206 AD2d 708, 709).

Mikoll, J. P., Mercure, Crew III and White, JJ., concur. Ordered that the judgment is affirmed.