■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC HARTLEY, Appellant. [743 NYS2d 455] —Judgment, Supreme Court, Bronx County (William Mogulescu, J.), rendered July 24, 2000, convicting defendant, after a nonjury trial, of manslaughter in the first degree and criminal possession of a weapon in the second and third degrees, and sentencing him to an aggregate term of 15 years, unanimously affirmed.

The court properly denied suppression of defendant's statements. There is no basis upon which to disturb the court's credibility determinations, which are supported by the record (*see, People v Prochilo*, 41 NY2d 759, 761). The totality of the circumstances establishes that defendant's girlfriend voluntarily consented to the officers' entry into the apartment (*see, People v Entzminger*, 163 AD2d 138, 141, *lv denied* 76 NY2d 939). The hearing court properly credited police testimony establishing that the girlfriend not only consented to a search and handed over the apartment key in a noncoercive atmosphere, but had volunteered to the police that the person for whom they might be looking had locked himself inside the apartment. The fact that she offered a key and expressed a preference that the police use it to enter rather than breaking down the door does not compel a conclusion that at some point the police had threatened to break in. The record also supports the other theory advanced by the People at the hearing, which was that the police entry was justified by exigent circumstances (*see, People v Williams*, 181 AD2d 474, *lv denied* 79 NY2d 1055).

The court properly denied suppression of defendant's response to the officer's question as to the location of the gun, on the ground that an officer may ask questions to clarify a potentially dangerous situation before giving *Miranda* warnings (*see, New York v Quarles*, 467 US 649; *People v Oquendo*, 252 AD2d 312, *lv denied* 93 NY2d 901). In any event, defendant's false answer concerning his disposal of the gun down a sewer was only a minor component of the People's case.

The court properly exercised its discretion with respect to denial of youthful offender treatment, and we perceive no basis for a reduction of sentence. Concur—Andrias, J.P., Rosenberger, Wallach, Rubin and Gonzalez, JJ.