■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALLEN MOYE, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT JOHNSON, Appellant. [782 NYS2d 257]—

Judgments, Supreme Court, New York County (Joan C. Sudolnik, J.), rendered June 20, 2002, convicting defendants, after a jury trial, of robbery in the second degree, and sentencing defendant Moye to a term of three years, and sentencing defendant Johnson to a term of four years, unanimously affirmed.

The verdict was not against the weight of the evidence. Issues of credibility, including the weight to be given to the victim's background and substance abuse, were properly considered by the jury and there is no basis for disturbing its determinations (*see People v Gaimari*, 176 NY 84, 94 [1903]).

On cross-examination of defendant Moye, the court properly received statements that defendant Moye's original counsel had made at arraignment as prior inconsistent statements by Moye affecting his credibility. Moye was concededly the source of the information and counsel, attorney of record at the time, was acting as Moye's agent (*see People v Brown*, 98 NY2d 226, 232-233 [2002]). An attorney's statement at arraignment, relaying information supplied by the defendant and offered for the purpose of obtaining favorable rulings on matters such as bail, clearly falls within *Brown*'s ambit. Moye's constitutional argument is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would reject it because the Confrontation Clause does not apply to statements not offered for their truth (*Crawford v Washington*, 541 US 36, —, 124 S Ct 1354, 1369 [2004]).

By failing to object, by making general objections, and by failing to request further relief after an objection was sustained, defendant Moye did not preserve his present challenges to the People's summation and we decline to review them in the interest of justice. Were we to review these claims, we would find no ground for reversal (*see People v Overlee*, 236 AD2d 133 [1997], *lv denied* 91 NY2d 976 [1998]; *People v D'Alessandro*, 184 AD2d 114, 118-119 [1992], *lv denied* 81 NY2d 884 [1993]).

The court's *Sandoval* ruling as to defendant Johnson, which limited the number of convictions to be elicited and precluded inquiry into their nature or underlying facts, balanced the appropriate factors and was a proper exercise of discretion (*see People v Hayes*, 97 NY2d 203 [2002]; *People v Walker*, 83 NY2d 455, 458-459 [1994]). The court properly concluded that Johnson's prior felony conviction was not unacceptably remote in time. Concur—Tom, J.P., Williams, Friedman, Marlow and Sweeny, JJ.