■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND BROWN, Appellant. [786 NYS2d 55]—

Judgment, Supreme Court, Bronx County (Phylis Skloot Bamberger, J.), rendered August 9, 2001, convicting defendant, after a jury trial, of two counts each of attempted murder in the second degree and criminal possession of a weapon in the second and third degrees, and sentencing him, as a second felony offender, to an aggregate term of 50 years, and judgment, same court and Justice, rendered August 9, 2001, convicting defendant, upon his plea of guilty, of murder in the second degree, and sentencing him, as a second felony offender, to a concurrent term of 15 years to life, unanimously affirmed.

The court properly granted the People's challenge made pursuant to *Batson v Kentucky* (476 US 79 [1986]). The record supports the court's finding that defense counsel's purportedly race-neutral reasons for exercising a peremptory challenge were pretextual, and this credibility-based finding is entitled to great deference (*see People v Hernandez,* 75 NY2d 350 [1990], *affd* 500 US 352 [1991]). Defense counsel's various explanations were either contradicted by the panelist's voir dire responses, or were obvious afterthoughts.

The court properly exercised its discretion in admitting evidence of an uncharged crime in which defendant used a pistol that was scientifically established to be the same weapon used in the charged crimes. At the time this evidence was received, defendant had not conceded the element of identity (*see People v Condon,* 26 NY2d 139, 142 [1970]), which was still potentially at issue notwithstanding the reference to a justification defense in defendant's opening statement (*see People v Steele,* 26 NY2d 526, 529 [1970]). The uncharged crime evidence was highly probative of defendant's identity, and its probative value outweighed any potential for prejudice, which was minimized by the court's limiting instruction. In any event, any error in the admission of such evidence was harmless in light of the overwhelming evidence of defendant's guilt.

We have considered and rejected defendant's remaining claims, including those contained in his pro se supplemental brief. Concur—Buckley, P.J., Andrias, Sullivan, Ellerin and Williams, JJ.