■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AMIN KALLAMNI, Appellant. [787 NYS2d 1]—

Judgment, Supreme Court, New York County (Charles J. Tejada, J.), rendered January 15, 2002, convicting defendant, after a jury trial, of assault in the second degree, and sentencing him to a term of 6 months, concurrent with 5 years' probation, unanimously affirmed.

The court properly permitted the People to introduce statements defendant's former counsel made at defendant's arraignment. These statements, which contradicted defendant's trial testimony, were properly admitted as vicarious admissions (*see People v Brown*, 98 NY2d 226 [2002]). It is clear from the phrasing of the attorney's statements and all the surrounding circumstances that defendant was the source of the information (*see People v Moye*, 11 AD3d 212 [2004]).

The court's interested witness charge was balanced and

provided the jury with proper guidance in assessing the effect on credibility of any witness's possible interest in the case (*see People v Inniss*, 83 NY2d 653, 659 [1994]; *People v Agosto*, 73 NY2d 963, 967 [1989]). The court was not obligated to specifically mention the victim's lawsuit against the owner of the premises where the incident occurred.

The court properly exercised its discretion in denying defendant's request for youthful offender treatment.

Defendant's remaining contentions, including his constitutional claims, are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Mazzarelli, J.P., Ellerin, Nardelli, Marlow and Catterson, JJ.