■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GABRIEL GONZALEZ, Appellant. [835 NYS2d 110]—Judgment, Supreme Court, New York County (Budd G. Goodman, J.), rendered March 11, 2004, convicting defendant, after a jury trial, of attempted assault in the first degree and attempted robbery in the first and second degrees, and sentencing him, as a second felony offender, to an aggregate term of nine years, unanimously affirmed.

In each instance where defendant objected during and after the prosecutor's summation, the court took curative action, and defendant did not request any further remedy. Likewise, defendant did not request any other relief after the court struck certain evidence from the record and delivered a curative instruction. Therefore, defendant did not preserve his present arguments concerning these matters (*see People v Heide*, 84 NY2d 943 [1994]), and we decline to review them in the interest

of justice. Were we to review these claims, we would find that the court's curative instructions, which the jury is presumed to have followed (*see People v Davis*, 58 NY2d 1102 [1983]), were sufficient to prevent any undue prejudice to defendant.

Defendant's claims that a detective's testimony implicitly bolstered that of the victim, and his claim that the court's conduct deprived him of a fair trial, are also unpreserved, and we decline to review them in the interest of justice.

We have considered and rejected defendant's ineffective assistance of counsel claim relating to the alleged bolstering testimony. Concur—Mazzarelli, J.P., Saxe, Sullivan, McGuire and Kavanagh, JJ.