■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AUREO CABUS, Appellant. [837 NYS2d 83]—

Judgment, Supreme Court, New York County (Budd G. Goodman, J.), rendered July 1, 2004, convicting defendant, after a jury trial, of attempted robbery in the first and second degrees, and sentencing him to concurrent terms of eight years and two years, respectively, unanimously affirmed.

Defendant's claims regarding the admission of uncharged crime evidence are unpreserved because defendant made an entirely different argument at trial, and we decline to review his present contentions in the interest of justice. Were we to review these claims, we would reject them. The court properly exercised its discretion in receiving evidence that one of the victims had frequently sold small amounts of marijuana to defendant. This evidence, which could not have been viewed as evidence of a propensity for violent robbery crimes, was relevant to the witness's ability to identify defendant, which was still at issue, at least at the time the evidence was received (see People v Brown, 13 AD3d 145 [2004], lv denied 4 NY3d 828 [2005]). Furthermore, the pattern of marijuana dealings was directly connected to the incident at issue. This evidence demonstrated defendant's motive and intent and was admissible as background material to explain the parties' meeting and to provide the jury with an appreciation of the interwoven events (see People v Till, 87 NY2d 835 [1995]). Since defendant neither requested limiting instructions nor objected to their absence, the issue is unpreserved for appellate review and we decline to review it in the interest of justice.

We perceive no basis for reducing the sentence.

Defendant's remaining claims, which are similar to arguments

unsuccessfully raised on the codefendant's appeal (*see People v Gonzalez*, 39 AD3d 434 [2007]), are unpreserved and we decline to review them in the interest of justice. Concur—Mazzarelli, J.P., Friedman, Marlow, McGuire and Malone, JJ.