■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM D. GARY, Appellant. [843 NYS2d 66]—

Judgment, Supreme Court, New York County (Joan Sudolnik, J.), rendered July 8, 2005, convicting defendant, after a jury trial, of two counts of criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of six years, unanimously affirmed.

The court properly permitted the prosecutor to impeach defendant by way of statements his attorney made at arraignment (*see People v Brown*, 98 NY2d 226, 232-233 [2002]; *People v Kallamni*, 14 AD3d 316 [2005], *lv denied* 4 NY3d 854 [2005]; *People v Moye*, 11 AD3d 212 [2004], *lv denied* 4 NY3d 766 [2005]). It was a reasonable inference that these statements were attributable to defendant, and they significantly contradicted his trial testimony. Defendant's other argument concerning the People's cross-examination is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would reject it.

The prosecutor had a sufficient basis upon which to comment in summation on defendant's failure to call certain witnesses, and these remarks did not shift the burden of proof (*see People v Tankleff*, 84 NY2d 992, 994-995 [1994]; *see also People v Overlee*, 236 AD2d 133 [1997], *lv denied* 91 NY2d 976 [1998]). Furthermore, the court's prompt and thorough instructions regarding the applicable burden of proof prevented any possible prejudice.

The court properly denied defendant's suppression motion. There is no basis for disturbing the court's credibility determi-

nations, which are supported by the record (*see People v Prochilo*, 41 NY2d 759, 761 [1977]). Concur—Tom, J.P., Mazzarelli, Friedman, Sullivan and Nardelli, JJ.