■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CATHERINE JOHNSON, Appellant. [847 NYS2d 74]—

Judgment, Supreme Court, Bronx County (Caesar Cirigliano, J.), rendered October 6, 2004, convicting defendant, after a nonjury trial, of robbery in the first degree, and sentencing her to a determinate term of five years, unanimously modified, on the law, the DNA databank fee vacated, and otherwise affirmed.

In our prior order in this matter (*see People v Johnson*, 37 AD3d 363 [2007]), we held defendant's appeal in abeyance and remanded the matter to Supreme Court for a de novo *Mapp/Dunaway/Wade/Huntley* hearing. The parties thereafter stipulated to the facts educed at the prior hearing and, after entertaining legal argument, the hearing court denied defendant's motion to suppress the gun and statements made at the police precinct.

Initially, we agree with the hearing court that the New York City Police Department detectives entered defendant's apartment with her consent, a point which defendant now concedes. It is well established that consent may be demonstrated by conduct as well as words (*People v Gonzalez*, 222 AD2d 453 [1995], *lv denied* 88 NY2d 848 [1996]; *People v Satornino*, 153 AD2d 595 [1989]). Here, defendant's conduct evinced both an

explicit, and tacit, consent for the detectives to enter her apartment as she asked them to enter, and then failed to request they leave or to indicate, in any other manner, that they did not have her permission to remain.

Once inside the apartment, the detectives, who were male, were confronted with a somewhat unusual situation in that defendant, who had just gotten out of the shower, was clothed only in a towel. The detectives informed defendant that she had been identified in a robbery and had to go with them to the police precinct yet, given defendant's manner of undress, wanted to afford her the opportunity to clothe herself privately. The detectives, however, were aware that a gun had been used in the robbery of which defendant had been accused so, out of concern for their safety, and before allowing defendant to enter the bedroom unattended, asked her if there were any weapons or guns in the residence. Defendant responded that her ex-boyfriend kept a gun under the mattress, at which point the detectives recovered a .45 caliber handgun, and again informed defendant that she had to accompany them to the precinct. Defendant then went into the bedroom, dressed, and was led to the detectives' vehicle, where she was placed in handcuffs. Once at the precinct, defendant was administered *Miranda* warnings, after which she provided a verbal and written statement.

Defendant argues that once she was told by the detectives that she had been identified in a robbery and had to go to the precinct with them, she was effectively under arrest and, as a result, the detectives' subsequent question concerning the presence of weapons in the apartment, and the ensuing search, violated her Fourth and Fifth Amendment rights. We disagree that any such violations occurred and, accordingly, affirm the hearing court's denial of defendant's motion for suppression.

Even assuming, as defendant proposes, that she was in custody at the time she was questioned about the gun, it is settled that the courts of this State apply the "public safety" exception articulated in *New York v Quarles* (467 US 649, 655-656 [1984]) pursuant to which officers, acting principally to protect their own safety, or the safety of the public, and not for the purpose of eliciting incriminating information, ask suspects immediately after their apprehension to divulge the location of weapons (*see e.g. Matter of Cy R.*, 43 AD3d 267 [2007]; *People v Hartley*, 295 AD2d 159 [2002], *lv denied* 99 NY2d 536 [2002]; *People v Scotchmer*, 285 AD2d 834 [2001], *lv denied* 96 NY2d 942 [2001]; *People v Sanchez*, 255 AD2d 614 [1998], *lv denied* 92 NY2d 1053 [1999]; *People v Clark*, 198 AD2d 46 [1993], *lv denied* 83 NY2d 870 [1994]). Here, the detectives were faced with the

situation of having to allow defendant to get dressed prior to transporting her to the precinct, while acutely aware that the robbery for which she had been implicated was committed with a handgun. The detectives, therefore, because of concerns for their own safety, and in view of the scenario before them, were justified in asking defendant about the presence of weapons prior to administering *Miranda* warnings.

Defendant's claims that she was improperly impeached during cross-examination by statements of her attorney made at a prior bail application, which defendant equates to a withdrawn alibi notice, and that she was denied her right to a fair trial, were not advanced at trial and are, therefore, not preserved for our review (*see People v Gonzalez*, 39 AD3d 434 [2007], *lv denied* 9 NY3d 876 [2007]; *People v Caicedo*, 173 AD2d 630 [1991], *lv denied* 78 NY2d 963 [1991]). Were we to review these claims, we would find no basis for reversal for while it is true that a withdrawn notice of alibi should not be utilized to impeach a defendant after a non-alibi defense is provided at trial (*People v Brown*, 98 NY2d 226, 231-232 [2002]; *People v McGhee*, 4 AD3d 485, 486-487 [2004], *lv denied* 2 NY3d 803 [2004]), there is absolutely no evidence in the record before us that defendant ever provided the court with an alibi notice which she might later have chosen to withdraw. Moreover, the trial court properly permitted the prosecutor to impeach defendant by way of statements made by her attorney at the bail hearing as it is a reasonable inference that such statements were attributable to defendant, and they significantly contradicted her trial testimony (*see People v Gary*, 44 AD3d 416 [2007]; *People v Kallamni*, 14 AD3d 316 [2005], *lv denied* 4 NY3d 854 [2005]).

Finally, as the People concede, the crime was committed before the effective date of the legislation providing for imposition of a DNA databank fee (Penal Law § 60.35 [1] [a] [v] [former (1) (e)]) and, as a result, the imposition of that fee should be vacated (*see People v Rodriguez*, 36 AD3d 438 [2007], *lv denied* 8 NY3d 990 [2007]). Concur—Andrias, J.P., Saxe, Marlow, Nardelli and Williams, JJ.