THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHANE HYATT, Appellant. [855 NYS2d 487]—

Judgment, Supreme Court, New York County (Lewis Bart Stone, J.), rendered March 28, 2006, convicting defendant, after a jury trial, of attempted assault in the second degree, and sentencing him, as a second felony offender, to a term of 2 to 4 years, unanimously affirmed.

The verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's determinations concerning credibility.

The court properly permitted brief and limited testimony from a Department of Correction investigator concerning the events leading up to defendant's arrest (*see e.g. People v Guerrero*, 22 AD3d 266 [2005], *lv denied* 5 NY3d 882 [2005]). The testimony was based on the investigator's personal knowledge, and it did not contain any hearsay, express or implied. Defendant's argument that this testimony invaded the fact-finding function of the jury, particularly by referring to the incident as an "assault," is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we find it without merit.

By failing to object, by failing to make specific objections, or by failing to request further relief after curative actions were taken by the court, defendant failed to preserve his present challenges to testimony that allegedly suggested he had commit-

ted uncharged crimes or bad acts while incarcerated, and we decline to review them in the interest of justice. As an alternative holding, we also reject them on the merits. The court's curative actions were sufficient to prevent any undue prejudice.

The record does not establish that defendant's sentence was based on any improper criteria, and we perceive no basis for reducing the sentence or directing that it be served concurrently with an unrelated sentence. Concur—Lippman, P.J., Tom, Williams and Acosta, JJ.