■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RACHEL L. HUNT, Appellant. [902 NYS2d 465]—Appeal from a judgment of the Ontario County Court (Frederick G. Reed, J.), rendered February 29, 2008. The judgment convicted defendant, upon a jury verdict, of burglary in the second degree, grand larceny in the fourth degree and petit larceny.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting her upon a jury verdict of, inter alia, burglary in the second degree (Penal Law § 140.25 [2]). Defendant failed to preserve for our review her contention that County Court erred in considering matters outside the record when sentencing her (*see People v Garson*, 69 AD3d 650, 652 [2010]; *People v Rodriguez*, 61 AD3d 460 [2009], *lv denied* 12 NY3d 920 [2009]; *People v Campbell*, 54 AD3d 959 [2008], *lv denied* 12 NY3d 756 [2009]). In any event, that contention is without merit. "A sentencing court may consider any relevant information, subject only to the due process requirement that the information is 'reliable and accurate' " (*People v Thomas*, 206 AD2d 708, 709 [1994], quoting *People v Outley*, 80 NY2d 702, 712 [1993]). We conclude that the court's sentencing remarks, which were based on information elicited at trial and which sought to discourage defendant from continuing a relationship with her boyfriend, whom she aided in the commission of the crimes at issue, reflected proper sentencing goals, one of which is defendant's rehabilitation (*see generally United States v Grayson*, 438 US 41, 45 [1978]). To the extent that defendant challenges the severity of the sentence, we conclude that it is not unduly harsh or severe.

Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Although a different finding would not have been unreasonable, the jury was entitled to discredit the testimony of defendant and her boyfriend concerning the extent of defendant's involvement in the crimes. According deference to the jury's resolution of credibility issues (*see People v Johnson*, 70 AD3d 1188, 1189-1190 [2010]; *People v Brown*, 70 AD3d 1341 [2010]; *People v Pearson*, 69 AD3d 1226, 1228 [2010]), we conclude that the jury was justified in finding defendant guilty beyond a reasonable doubt (*see Danielson*, 9 NY3d at 348-349).

Defendant failed to preserve for our review her contention that the court erred in allowing the People to present evidence of uncharged crimes at trial (*see People v Cala*, 50 AD3d 1581 [2008], *lv denied* 10 NY3d 957 [2008]; *People v Hyatt*, 50 AD3d 436 [2008], *lv denied* 10 NY3d 960 [2008]; *People v Cabus*, 40 AD3d 540 [2007], *lv denied* 9 NY3d 1005 [2007]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (CPL 470.15 [6] [a]). Present—Scudder, P.J., Martoche, Fahey, Green and Gorski, JJ.