■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CYRUS Y. REED, Appellant. [910 NYS2d 604]—

Appeal from a judgment of the Cattaraugus County Court (Matthew J. Murphy, III, J.), rendered January 20, 2009. The judgment convicted defendant, upon a jury verdict, of assault in the first degree and criminal possession of a weapon in the fourth degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of assault in the first degree (Penal Law § 120.10 [1]) and criminal possession of a weapon in the fourth degree (§ 265.01 [2]). The conviction arises out of an incident in which defendant stabbed the victim while the two men were walking home from a bar in the early morning hours. We reject the contention of defendant that County Court erred in refusing to suppress incriminating statements that he made to the police following his apprehension. Those statements, in which defendant admitted that he stabbed the victim in retaliation for his role in assisting defendant's brother to commit suicide, were spontaneous and not "the product of 'express questioning or its functional equivalent' " (*People v Bryant*, 59 NY2d 786, 788 [1983], *rearg dismissed* 65 NY2d 638 [1985], quoting *Rhode Island v Innis*, 446 US 291, 300-301 [1980]; *see People v Cooper*, 59 AD3d 1052, 1053-1054 [2009], *lv denied* 12 NY3d 852 [2009]). Although the police questioned defendant about the location of the knife while he was in custody and prior to administering *Miranda* warnings, defendant's responses were admissible under the public safety exception to the *Miranda* rule (*see People v Allah*, 54 AD3d 632 [2008], *lv denied* 12 NY3d 755 [2009]; *People v Taylor*, 302 AD2d 868 [2003], *lv denied* 99 NY2d 658 [2003]). In any event, we note that defendant did not move to suppress the knife, and his statements regarding its whereabouts and his possession thereof were not prejudicial. Defendant readily admitted that he stabbed the victim, and his only defense at trial was that he acted in self-defense.

Defendant failed to preserve for our review his further contention that the court erred in allowing the People to present evidence concerning prior uncharged crimes (*see People v Hunt*, 74 AD3d 1741 [2010]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Defendant also failed to preserve for our review his contention that the evidence is legally insufficient to support the assault conviction (*see People v Gray*, 86 NY2d 10, 19 [1995]). Defendant further contends that the verdict is against the weight of the evidence because, inter alia, the jury did not give appropriate weight to his testimony that he stabbed the victim in self-defense. Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we reject that contention. "[R]esolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which [observed] and heard the witnesses" (*People v Hernandez*, 288

AD2d 489, 490 [2001], *lv denied* 97 NY2d 729 [2002]), and we conclude that the jury "did not fail to give the evidence the weight it should be accorded in rejecting defendant's justification defense" (*People v Wolf*, 16 AD3d 1167 [2005]; *see generally People v Bleakley*, 69 NY2d 490, 495 [1987]).

We reject the contention of defendant that he was denied effective assistance of counsel. Based on our review of the record, we conclude that "the evidence, the law, and the circumstances of [this] case, viewed in totality and as of the time of the representation, reveal that [defense counsel] provided meaningful representation" (*People v Baldi*, 54 NY2d 137, 147 [1981]). Indeed, despite evidence that defendant told the police that he tried to kill the victim and that he would "finish the job" once he got out of prison, defense counsel obtained an acquittal for defendant on the top count of the indictment, charging him with attempted murder in the second degree (*see* Penal Law §§ 110.00, 125.25 [1]). Finally, in light of the brutal and unprovoked nature of the crimes and defendant's lack of remorse, it cannot be said that the sentence imposed is unduly harsh or severe. Present—Centra, J.P., Peradotto, Lindley, Sconiers and Gorski, JJ.