THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS ORTIZ, Appellant. [980 NYS2d 43]—

Judgment, Supreme Court, Bronx County (Troy K. Webber, J.), rendered January 24, 2011, convicting defendant, after a jury trial, of burglary in the second degree, and sentencing him, as a persistent felony offender, to a term of 23 years to life, unanimously modified, on the law, to the extent of vacating the sentence and remanding for resentencing, and otherwise affirmed.

The court properly determined that the doctrine of collateral estoppel did not require preclusion of all evidence pertaining to defendant's possession, use or threatened use of a razor blade, since he failed to meet his heavy burden to establish that the jury at his first trial necessarily decided these particular factual issues in his favor (*see People v Acevedo*, 69 NY2d 478, 487 [1987]). "[C]ollateral estoppel should be applied sparingly in criminal cases" (*People v O'Toole*, 22 NY3d 335, 339 [2013]).

At defendant's first trial, which led to reversal by this Court (69 AD3d 490 [1st Dept 2010]), defendant was acquitted of first-degree burglary and robbery but convicted of second-degree burglary. Based on a "practical, rational reading" (*Acevedo*, 69 NY2d at 487) of the record of the first trial, including the evidence presented and the issues raised, we conclude that a "rational jury could have grounded its decision on an issue other than that which the defendant seeks to foreclose from consideration" (*People v Goodman*, 69 NY2d 32, 40 [1986]).

Moreover, it is apparent in this case that "the *Acevedo* rule [could not] practicably be followed if a necessary witness [were] to give truthful testimony" (*O'Toole*, 22 NY3d at 339). As we indicated on the prior appeal, the case turned on the credibility issue of whether the incident was an altercation or a home invasion. Thus, the presence of the razor blade was essential to completing the complaining witnesses' narrative and establishing the criminal intent element of burglary, and defendant was properly precluded from "tak[ing] unfair advantage of the dilemma that *Acevedo* creates for the People" (*id.*).

None of the issues raised by defendant relating to his

impeachment by way of a statement made by his attorney warrant reversal. The court properly admitted a statement made at arraignment by defendant's counsel, who was also trial counsel, to impeach defendant after he testified to a different version of the events (*see People v Brown*, 98 NY2d 226, 232-233 [2002]). At the arraignment, the attorney stated that defendant was the source of the information, and the attorney was clearly acting as defendant's authorized agent when she provided this information to the arraignment court for her client's benefit (*see People v Moye*, 11 AD3d 212 [1st Dept 2004], *lv denied* 4 NY3d 766 [2005]; *see also People v Kallamni*, 14 AD3d 316 [1st Dept 2005], *lv denied* 4 NY3d 854 [2005]), notwithstanding her assertion at trial that she had inaccurately conveyed her client's version of the incident. Introduction of the statements did not require the People to call counsel as a witness against her client (*see People v Castillo*, 94 AD3d 678, 679 [1st Dept 2012], *lv denied* 19 NY3d 971 [2012]), and the People never sought to do so.

Defense counsel moved for a mistrial, claiming, among other things, that she would have to testify on her client's behalf to explain the inaccuracy in her arraignment statement. The court properly exercised its discretion in denying that drastic remedy, because the court, with the participation of the parties, took sufficient steps to prevent defendant from being prejudiced. To the extent the advocate-witness rule was implicated in this case, it only involved the ethical rule against testifying *for* one's client (*see People v Berroa*, 99 NY2d 134, 140 [2002]). Unlike the stipulation in *Berroa*, here the stipulation to the attorney's testimony was sufficient to both protect defendant's interests regarding the impeachment issue and to avoid an advocate-witness problem.

By failing to make timely and specific objections, defendant failed to preserve his challenges to the prosecutor's summation (*see People v Romero*, 7 NY3d 911, 912 [2006]), and we decline to review them in the interest of justice. Defendant also failed to preserve any of his present constitutional claims regarding the admission of the arraignment statement and the related issues, including his claim that he was deprived of his right to conflict-free counsel. We decline to review any of these unpreserved claims in the interest of justice. As an alternative holding, we reject them on the merits.

A new sentencing proceeding is required because the court imposed a longer sentence than the one defendant received after his first trial, and there was no "record articulation of some event becoming known or available only after the first sentence

and justifying the more severe sentence" (*People v Van Pelt*, 76 NY2d 156, 161 [1990]). In light of this determination, we do not reach defendant's contention that his sentence should be reduced in the interest of justice. Concur—Tom, J.P., Friedman, DeGrasse, Feinman and Gische, JJ.