SUPREME COURT OF THE STATE OF NEW YORK
*Appellate Division, Fourth Judicial Department*

**249**
**KA 12-01877**
PRESENT: SMITH, J.P., CARNI, SCONIERS, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                      MEMORANDUM AND ORDER

DARRON S. MORRIS, DEFENDANT-APPELLANT.

---

D.J. & J.A. CIRANDO, ESQS., SYRACUSE (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT.

CINDY F. INTSCHERT, DISTRICT ATTORNEY, WATERTOWN (HARMONY A. HEALY OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Jefferson County Court (Kim H. Martusewicz, J.), rendered September 17, 2012. The judgment convicted defendant, upon a jury verdict, of attempted murder in the second degree, assault in the first degree, criminal use of a firearm in the first degree, and criminal possession of a weapon in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]). We reject defendant's contention that County Court erred in failing, sua sponte, to conduct a competency hearing pursuant to CPL 730.30 (2). The institution in which defendant was confined determined that he was no longer an incapacitated person (*see* CPL 730.60 [2]) and, thereafter, neither defendant nor the District Attorney made a motion for a competency hearing. Thus, the determination whether to order a hearing on its own motion was within the court's discretion (*see* CPL 730.30 [2]; *People v Tortorici*, 92 NY2d 757, 766, *cert denied* 528 US 834). "Considering the evidence before [the c]ourt regarding defendant's competence, we conclude that the court did not abuse its discretion in failing, on its own, to order a hearing" (*Tortorici*, 92 NY2d at 766; *see People v Carrion*, 65 AD3d 693, 693-694, *lv denied* 13 NY3d 858; *People v Gaines*, 26 AD3d 269, 270, *lv denied* 6 NY3d 847).

Defendant failed to preserve for our review his further contention that the court erred in allowing the People to present evidence concerning prior uncharged crimes (*see People v Reed*, 78 AD3d 1481, 1482, *lv denied* 16 NY3d 745), and we decline to exercise our power to review that contention as a matter of discretion in the

interest of justice (*see* CPL 470.15 [6] [a]).  By making only a general motion to dismiss the charges of attempted murder and assault in the first degree after the People rested their case (*see People v Gray*, 86 NY2d 10, 19), and by failing to renew that part of the motion at the close of his case (*see People v Hines*, 97 NY2d 56, 61, *rearg denied* 97 NY2d 678), defendant failed to preserve his contention that his conviction of those charges is not supported by legally sufficient evidence (*see People v Bausano*, 122 AD3d 1341, 1341-1342).  Although defendant made specific challenges to the legal sufficiency of the evidence supporting the remaining charges after the People rested their case, he failed to renew that part of his motion at the close of his case and thus failed to preserve those challenges for our review (*see Hines*, 97 NY2d at 61).  Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we reject defendant's contention that the verdict is against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).

We reject defendant's contention that he was denied effective assistance of counsel.  Viewing the record as a whole, we conclude that trial counsel provided meaningful representation (*see People v Baldi*, 54 NY2d 137, 147).  Defendant failed to preserve for our review his further contention that he was punished for asserting his right to a trial when the court imposed the maximum terms of incarceration (*see People v Stubinger*, 87 AD3d 1316, 1317, *lv denied* 18 NY3d 862), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).  We conclude, moreover, that the sentence is not unduly harsh or severe.

Entered:  March 20, 2015                    Frances E. Cafarell
                                            Clerk of the Court