OPINION OF THE COURT
Craig Stephen Brown, J.
Upon reading and filing the within order to show cause, dated the 23rd day of September 2016, based upon the application of Kevin Walsh, Esq., managing attorney for the Legal Aid Society of Orange County, Inc., the affirmation of Christopher P. Borek, Esq., Chief Assistant District Attorney for the County of Orange, dated September 26, 2016, the grand jury subpoena dated September 22, 2016, the papers and proceedings relating to People v Febus (Orange County indictment Nos. 2016-038, 2016-172), and the proceedings held in'open court on September 26 and September 27, 2016, the application is decided as follows:
The Legal Aid Society of Orange County, Inc. moves to quash a subpoena served upon Donalda Gillies, Esq., one of its staff attorneys, requiring her to appear to testify before an Orange County grand jury on September 26, 2016.[1] The grand jury proceeding relates to an allegation that defendant Fortunato Febus, a former client of the Legal Aid Society, committed the crime of bail jumping in the second degree while he was represented by the Legal Aid Society.
The procedural facts underlying defendant’s indictment generally are not in dispute. On August 29, 2015, defendant, a contractor, was arrested for grand larceny in the third degree. He was arraigned in the Justice Court of the Town of Wawayanda and thereafter released on bail. Defendant was represented on said charge by the Legal Aid Society. On January 25, 2016, the grand jury filed a seven-count indictment charging scheme to defraud and other crimes.[2] The Clerk of the Court scheduled defendant’s arraignment for January 28, 2016 and so advised the Legal Aid Society. Defendant failed to appear in court *1133 for his arraignment on the indictment. On January 29, 2016, this court issued a warrant for defendant’s arrest. Defendant thereafter was arrested in the State of Connecticut. On July 7, 2016, defendant waived extradition to the State of New York. On July 19, 2016, he appeared in court with Donalda Gillies, Esq., of the Legal Aid Society, was arraigned, and the matter was adjourned to August 16, 2016. On August 16, 2016, defendant appeared with Nussair P. Habboush, Esq., who was substituted for the Legal Aid Society.
On September 16, 2016, with defendant’s knowledge and consent,[3] Mr. Habboush filed with the court and served on the District Attorney an affirmation seeking a bail reduction. The affirmation contained the following facts:[4]
• on January 25, 2016, Donalda Gillies of the Legal Aid Society drafted a letter advising defendant to appear in court before the Honorable Edward T. McLoughlin on January 28, 2016
• Ms. Gillies deposited the letter for mailing on January 26, 2016
• on January 29, 2016, Ms. Gillies sent a letter to defendant advising him that a bench warrant was issued
• upon receipt of the notice, defendant reached out to Ms. Gillies and told her that he did not receive the notice sent to him prior to the scheduled court date
• Ms. Gillies nevertheless advised defendant that he had to appear in court.
Based on the aforesaid statements made in Mr. Habboush’s affirmation, the District Attorney served a grand jury subpoena on Donalda Gillies to compel her attendance and testimony before the grand jury hearing evidence relating to a bail jumping charge. The Legal Aid Society brought this application for an order to quash the subpoena, contending that Ms. Gillies’ anticipated testimony would violate defendant’s attorney-client privilege. The District Attorney opposes the motion contending *1134 that the attorney-client privilege was waived by Mr. Hab-boush’s affirmation.
It should be noted that on September 27, 2016, defendant and Mr. Habboush appeared in court. Mr. Habboush acknowledged that although his client was aware of and consented to the inclusion of the aforesaid information in his application for a bail reduction, he did not advise his client that the information may be protected by an attorney-client privilege and could later be used against him. Mr. Febus affirmatively stated in court that he was not waiving his attorney-client privilege.
There can be no dispute that the post-indictment communications to defendant by his former attorney, Ms. Gillies, were made during the course of and as part of her representation of defendant. As such, they would be protected by the attorney-client privilege (see CPLR 4503). The attorney-client privilege enables one seeking legal advice to communicate with counsel secure in the knowledge that the contents of the exchange will not later be revealed against the client’s wishes (see People v Osorio, 75 NY2d 80 [1989]; People v Mitchell, 58 NY2d 368 [1983]).
In the present case, defendant admittedly consented to and permitted his attorney to file a bail modification motion to, inter alia, call to the court’s attention reasons why he failed to appear in court at arraignment and thereafter. The reasons included lack of adequate notice given by his former attorney, which caused his lack of confidence in her and his refusal to follow her advice to surrender. Not only were the facts knowingly and voluntarily put in the written bail application with defendant’s knowledge and consent, his attorney also argued those facts in open court with the defendant standing by his side in a courtroom full of people. Under these circumstances, defendant waived any right that he had to maintain the confidentiality of his former attorney’s communications with him.
Courts have long recognized that communications made between clients and attorneys, disclosed by the attorneys with defendants’ consent either in open court or in court documents may be considered vicarious admissions which are admissible against the client and, as such, are not protected by attorney-client privilege (see People v Rivera 58 AD2d 147 [1977], affd 45 NY2d 989 [1978] [attorney disclosed, in a pretrial motion affirmation, information obtained from client]; People v Ortiz, 114 AD3d 430 [2014] [attorney disclosed, at arraignment, *1135 information obtained from his communications with client]; People v Kelley, 82 AD3d 463 [2011] [same]; People v Killiebrew, 280 AD2d 684 [2001] [same]; People v Brown, 98 NY2d 226 [2002] [attorney disclosed, during a Sandoval hearing, information obtained from client]).
Such statements are admissible as evidence-in-chief and, while the introduction of the statements do not require the People to call counsel as a witness against the client, there appears to be no bar against the People doing so, since the privilege has been waived (see People v Ortiz).
While this court recognizes that there are few matters as important to the preservation of a viable and equal system of justice as is the inviolability of the attorney-client privilege, there were no facts presented to show that the defendant did not waive the privilege when he knowingly consented to the information and documents being included in his bail application. The defendant need not be advised of every possible consequence of that decision in order for the waiver to be effectuated.
Based on the foregoing, the application by the Legal Aid Society of Orange County, Inc. to quash the grand jury subpoena, dated September 22, 2016, served upon its staff attorney, Donalda Gillies, Esq., is denied.

. Compliance with said subpoena has been stayed pending the court’s decision and order on this motion.

. Indictment No. 2016-038 was subsequently superseded by indictment No. 2016-172.

. Defendant and Mr. Habboush acknowledged in open court on September 26, 2016 that defendant was aware of the contents of Mr. Habboush’s affirmation.

. (See movant’s motion exhibit C; affirmation of Nussair P. Habboush paras 7, 8, 11, 12.) Copies of Ms. Gillies’ January 25, 2016 letter to defendant, its postmarked envelope and Ms. Gillies’ January 29, 2016 letter to defendant were attached to Mr. Habboush’s affirmation.