People v Diaz (2020 NY Slip Op 01002)





People v Diaz


2020 NY Slip Op 01002


Decided on February 13, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 13, 2020

Gische, J.P., Kapnick, Webber, Moulton, JJ.


10999 3347N/12

[*1] The People of the State of New York, Respondent,
v
Edwin Diaz, Defendant-Appellant.


Office of The Appellate Defender, New York (Lisa Packard of counsel), and Wachtell, Lipton, Rosen & Katz, New York (Nicholas Walter of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Sheila O'Shea of counsel), for respondent.



Judgment, Supreme Court, New York County (Arlene D. Goldberg, J. at suppression hearing; Michael R. Sonberg, J. at plea and sentencing), rendered June 11, 2013, convicting defendant of criminal possession of a controlled substance in the second degree and criminal possession of a weapon in the second degree, and sentencing him, as a second felony drug offender, to an aggregate term of six years, unanimously affirmed.
The court properly denied defendant's suppression motion. There is no basis for disturbing the court's findings on issues of fact. The record supports the court's determination that at each stage of the encounter the police actions were justified either by the information they possessed or by defendant's voluntary consent.
The evidence elicited that defendant matched the description of a person who, according to a confidential informant, was selling drugs at a particular apartment. The police officers' observations indicated that defendant entered and left the subject apartment. Defendant was also observed engaging in actions known to be taken by drug dealers to avoid surveillance. This combination of factors provided, at the very least, an objective credible reason to approach defendant and ask where he was coming from (see People v Corbett, 278 AD2d 118 [1st Dept 2000], lv denied 96 NY2d 799 [2001]).
The police officers did not exceed the permissible bounds of a request for information. The record does not establish coercive circumstances as argued by defendant. The officer's statement, "Let's walk," to defendant, after defendant agreed to show the officers the building where he claimed to have been visiting a friend, was not a command when viewed in the context of the conversation (see People v Flynn, 15 AD3d 177, 178 [1st Dept 2005], lv denied 4 NY3d 853 [2005]).
The record supports the court's determinations that by handing over his keys and agreeing to show the police where the person defendant claimed to be visiting lived, defendant consented to the officers using the key to enter the building, and that defendant freely accompanied the officers to the fourth floor. The totality of relevant circumstances established a voluntary consent (see People v Gonzalez, 39 NY2d 122, 128-130 [1976]; People v Hartley, 295 AD2d 159 [1st Dept 2002], lv denied 99 NY2d 536 [2002]).
Once the officers smelled a strong odor of acetone, which is used in processing cocaine, outside of the apartment, the potential destruction of narcotics evidence constituted exigent circumstances justifying the officers' warrantless entry into the apartment (see Kentucky v King, 563 US 452, 460 [2011]; People v White, 291 AD2d 250 [1st Dept 2002], lv denied 98 NY2d 682 [2002]). The officers also properly conducted a protective sweep of the apartment given their observations of the apartment as well as their awareness that drug dealers are often in possession of weapons (see People v Johnson, 160 AD3d 573, 574 [1st Dept 2018]). Accordingly, the officers "possesse[d] a reasonable belief based on specific and articulable facts" that the area to be swept harbored a person posing a danger (Maryland v Buie, 494 US 325, 327 [*2][1990]).
We have considered and rejected defendant's remaining arguments.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 13, 2020
CLERK