■ BOARD OF DIRECTORS OF WINDSOR OWNERS CORP., Respondent, v ELAINE PLATT, Appellant. [22 NYS3d 843]—Order, Supreme Court, New York County (Peter H. Moulton, J.), entered May 5, 2015, which, to the extent appealed from, denied defendant's motion for leave to renew her motion to dismiss the claim for consequential damages, unanimously affirmed, without costs.

The new facts offered by defendant on her renewal motion would not change the prior determination (*see* CPLR 2221 [e] [2]). The mere fact that the plaintiff in a related federal action chose not to depose defendant does not support defendant's theory that her disclosure of attorney-client communications will not play a role in the determination of that action or a state action brought by the same plaintiff. Concur—Tom, J.P., Sweeny, Richter and Manzanet-Daniels, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MADY DIAKITE, Appellant. [24 NYS3d 584]—

Judgment, Supreme Court, New York County (Ronald A. Zweibel, J.), rendered July 22, 2013, convicting defendant, upon his plea of guilty, of criminal possession of forgery devices (two counts) and scheme to defraud in the first degree, and sentencing him, as a second felony offender, to an aggregate term of 2½ to 5 years, unanimously affirmed.

Defendant, who contends that his plea was involuntary because the court never advised him that he could be deported as a result of his plea (*see People v Peque*, 22 NY3d 168 [2013]), has not established that the exception to the preservation requirement set forth in *Peque* (*id.* at 182-183) should apply. The record demonstrates that defendant knew of his potential deportation, by virtue of the notice of immigration consequences served upon him and the prosecutor's application for an increase in bail due to defendant's prior federal conviction for bank fraud and the fact that he was not a United States citizen. Review of defendant's unpreserved claim in the interest of justice is unwarranted, because the circumstances of the plea render it highly unlikely that defendant could make the requisite showing of prejudice under *Peque* (*id.* at 198-201) if granted a hearing.

We perceive no basis for reducing the sentence. Concur—Tom, J.P., Sweeny, Richter and Manzanet-Daniels, JJ.