■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL CASIMAY, Appellant. [38 NYS3d 902]—

Judgment, Supreme Court, New York County (Bonnie G. Wittner, J.), rendered February 7, 2013, convicting defendant, upon his plea of guilty, of attempted burglary in the second degree, and sentencing him, as a second felony offender, to a term of three years, unanimously affirmed.

Defendant, who contends that his plea was involuntary because the court did not specifically advise him that he could be deported as a result of the plea, did not show that the narrow exception to the preservation requirement applies (*see People v Peque*, 22 NY3d 168, 182-183 [2013], *cert denied* 574 US —, 135 S Ct 90 [2014]). Defendant was informed, by way of a notice of immigration consequences served upon him by the People, that he could potentially be deported. We decline to reach defendant's unpreserved contention in the interest of justice because, given the circumstances of the plea, it is unlikely that he could make the requisite showing of prejudice under *Peque* if granted a hearing (*see id.* at 198-201; *People v Diakite*, 135 AD3d 533 [1st Dept 2016], *lv denied* 27 NY3d 1131 [2016]). Concur—Sweeny, J.P., Renwick, Manzanet-Daniels, Gische and Webber, JJ.