■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CONSTANTIN HERNANDEZGONZA, Appellant. [41 NYS3d 891]—

Judgment, Supreme Court, New York County (Laura A. Ward, J.), rendered August 18, 2014, convicting defendant, upon his plea of guilty, of attempted unlawful surveillance in the second degree, and sentencing him to a term of four months, unanimously affirmed.

Defendant argues that his guilty plea was involuntary because the court failed to advise him of the possibility of deportation as a result of the plea (*see People v Peque*, 22 NY3d 168 [2013], *cert denied* 574 US —, 135 S Ct 90 [2014]). However, defendant has not established that the exception to the preservation rule applies, and we decline to review his claim in the interest of justice. The record demonstrates that defendant was made aware of the potential for deportation both before the plea and sentencing proceeding, and during that proceeding but before taking the plea. He thus had a practical ability to raise his claim (*see id.* at 182-183; *People v Diakite*, 135 AD3d 533 [1st Dept 2016], *lv denied* 27 NY3d 1131 [2016]). As an alternative holding, we find that the court adequately warned defendant of the possibility of deportation before he took his plea (*see Peque*, 22 NY3d at 197). Concur—Sweeny, J.P., Renwick, Richter, Manzanet-Daniels and Kapnick, JJ.