█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAYLOR SUAZO, Appellant. [45 NYS3d 31]—

Judgment, Supreme Court, Bronx County (Patricia Anne Williams, J.), rendered March 27, 2012, convicting defendant, after a nonjury trial, of attempted assault in the third degree, attempted criminal obstruction of breathing or blood circulation, menacing in the third degree and attempted criminal contempt in the second degree, and sentencing him to an aggregate term of 60 days, unanimously affirmed.

Defendant argues that he was constitutionally entitled to a jury trial, even though he was only being tried for class B misdemeanors carrying maximum sentences of 90 days, because as a noncitizen he would be allegedly be deportable if convicted of any domestic violence crime. However, "a defendant's right to a jury trial attaches only to serious offenses, not to petty crimes, the determining factor being length of exposure to incarceration" (*People v Urbaez*, 10 NY3d 773, 774 [2008] [internal quotation marks and citation omitted]; *see also People v Foy*, 88 NY2d 742, 745 [1996]). "An offense carrying a maximum prison term of six months or less is presumed petty, unless the legislature has authorized additional statutory penalties so severe as to indicate that the legislature considered the offense serious" (*Lewis v United States*, 518 US 322, 326

[1996]). Despite the gravity of the impact of deportation on a convicted defendant (*see Padilla v Kentucky*, 559 US 356 [2010]), deportation consequences are still collateral (*see People v Peque*, 22 NY3d 168, 191-192 [2013]), and do not render an otherwise petty offense "serious" for jury trial purposes.

Furthermore, under defendant's approach, in order to decide whether to grant a jury trial to a noncitizen charged with B misdemeanors, the court would need to analyze the immigration consequences of a particular conviction on the particular defendant, and we find this to be highly impracticable. We note that the immigration impact of this defendant's conviction is unclear. He is already deportable as an undocumented alien, and only claims that the conviction would block any hypothetical effort to legalize his status.

The verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the court's credibility determinations. Concur—Saxe, J.P., Moskowitz, Gische, Kahn and Gesmer, JJ.