■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWIN MENDEZ, Appellant. [50 NYS3d 55]—

Judgment, Supreme Court, New York County (Gregory Carro, J.), rendered January 29, 2014, convicting defendant, upon his plea of guilty, of criminal sale of a controlled substance in the third degree, and sentencing him to a term of one year, unanimously affirmed.

Defendant's challenges to the voluntariness of his plea do not fall within the narrow exception to the preservation requirement (*see People v Conceicao*, 26 NY3d 375, 381-382 [2015]), and we decline to review these unpreserved claims in the interest of justice. As an alternative holding, we also reject them on the merits.

The court sufficiently advised defendant of his rights under *Boykin v Alabama* (395 US 238 [1969]), notwithstanding that it omitted the word "jury" from its reference to the right to a trial (*see People v Williams*, 137 AD3d 706 [1st Dept 2016], *lv denied* 27 NY3d 1141 [2016]).

In addition, under the circumstances of this case, the court was not required to inquire into the existence of a possible agency defense. In the course of making an application for a more lenient sentence, defense counsel stated, "What we have here is a user, offering or doing a favor to another user, potentially, if the People's case is true in this case." Counsel's statement was merely speculation about what the People's proof might show at trial rather than a statement for which "[defendant] was . . . the source of the information" (*see People v Moye*, 11 AD3d 212, 212 [1st Dept 2004], *lv denied* 4 NY3d 766 [2005]). Accordingly, we find that this was not a situation "where the defendant's recitation of the facts . . . clearly casts significant doubt upon the defendant's guilt or otherwise calls into question the voluntariness of the plea" (*People v Lopez*, 71 NY2d 662, 666 [1988]; *see also People v Mox*, 20 NY3d 936, 938 [2012], quoting *People v Serrano*, 15 NY2d 304, 308 [1965]

["the requisite elements should appear from the defendant's own (factual) recital"]). Concur—Acosta, J.P., Renwick, Manzanet-Daniels, Webber and Gesmer, JJ.