■ In the Matter of ALFONSO AMELIO, Petitioner, v DOUGLAS E. HOFFMAN et al., Respondents. [50 NYS3d 284]—The above-named petitioner having presented an application to this Court praying for an order, pursuant to article 78 of the Civil Practice Law and Rules, now, upon reading and filing the papers in said proceeding, and due deliberation having been had thereon, it is unanimously ordered that the application be and the same hereby is denied and the petition dismissed, without costs or disbursements. Concur—Acosta, J.P., Richter, Andrias, Kahn and Gesmer, JJ.

Motion for a preliminary injunction denied.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARIO OLMEDO, Appellant. [50 NYS3d 284]—Judgment, Supreme Court, New York County (Renee A. White, J.), rendered May 17, 2011, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the third degree, and sentencing him to a term of five years' probation, unanimously affirmed.

While the question of whether a defendant was prejudiced by the lack of advice from the court about the deportation consequences of a guilty plea is generally to be determined by way of a hearing (*see People v Peque*, 22 NY3d 168, 200 [2013], *cert denied* 574 US —, 135 S Ct 90 [2014]), under the circumstances of this case, viewed as a whole, we find no reasonable possibility that defendant could make the requisite showing of prejudice at a hearing. Concur—Acosta, J.P., Mazzarelli, Manzanet-Daniels, Gische and Kahn, JJ.