(June 27, 2017)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARCOS MANON, Appellant. [58 NYS3d 326]—

Judgment, Supreme Court, New York County (Renee A. White, J. at plea, Ronald A. Zweibel, J. at sentencing; Maxwell Wiley, J. at hearing after remand), rendered July 23, 2009, convicting defendant of criminal sale of a controlled substance in the fifth degree, and sentencing him, as a second felony drug offender, to a term of 1½ years, unanimously affirmed.

When this appeal was initially heard (123 AD3d 467 [1st Dept 2014]), defendant argued that because the trial court did not advise him of the deportation consequences of his guilty plea, he was entitled to a remand of the matter for a hearing on the issue of whether he would have proceeded to trial had he been aware of those consequences (see People v Peque, 22 NY3d 168 [2013], cert denied 574 US —, 135 S Ct 90 [2014]). This Court held the appeal in abeyance and remanded for further proceedings pursuant to Peque. We now affirm the conviction.

On remand, the hearing court correctly determined that defendant failed to show a reasonable probability that he would not have pleaded guilty had the court advised him of the possibility of deportation. There is no basis for disturbing the court's credibility determinations. In determining whether a defendant has been prejudiced by a court's failure to warn of the deportation consequences of a guilty plea, factors to consider include "the favorability of the plea, the potential consequences the defendant might face upon a conviction after trial, the strength of the People's case against the defendant, the defendant's ties to the United States and the defendant's receipt of any advice from counsel regarding potential deportation" (Peque, 22 NY3d at 198-199).

Here, although defendant characterizes the People's case as

"untested," there is every indication that a conviction was very likely, and defendant's attorney advised defendant accordingly. Defendant had a lengthy criminal record, with five prior drug felony convictions, and the plea offer was extremely favorable under all the circumstances. While defendant had significant family ties to this country, that factor does not outweigh the favorability of the disposition offered. Although defendant's trial counsel testified at the *Peque* hearing that he had not discussed immigration issues at the time of the plea, defendant, who had previously been deported after a felony drug conviction, was presumably aware from his personal experience that deportation could result from his plea. In any event, defendant was convicted in federal court of illegal re-entry and thereafter deported, independent of drug conviction at issue on this appeal. Concur—Acosta, P.J., Mazzarelli, Moskowitz and Manzanet-Daniels, JJ.