The People of the State of New York, Respondent,
against
MRB Noviri, a/k/a Mohammad R. Baradaran Noviri, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Ann E. Scherzer, J.), rendered May 21, 2014, convicting him, upon his plea of guilty, of criminal possession of a controlled substance in the seventh degree, and imposing sentence.




Per Curiam.
Judgment of conviction (Ann E. Scherzer, J.), rendered May 21, 2014, affirmed.
Assuming in defendant's favor that the plea court was under a duty to inform him of the immigration consequences of his guilty plea to this class A misdemeanor, an issue left open in People v Peque, 22 NY3d 168, 197, n 9 [2013], cert. denied sub nom. Thomas v New York, 135 S.Ct. 90 [2014]; but see People v Suazo, 146 AD3d 423 [2017], lv granted 29 NY3d 1087 [2017]), a Peque hearing is not required in this particular case, inasmuch as we find no reasonable possibility that defendant could make the requisite showing of prejudice at a hearing, if one were held (see People v Olmedo, 149 AD3d 588 [2017], lv denied 29 NY3d 1084 [2017]).
The misdemeanor complaint and supporting deposition establish that defendant possessed heroin (see People v Corporan, 151 AD3d 627 [2017]). By pleading guilty, defendant received an extremely favorable disposition - a conditional discharge premised upon his completion of the one-day Treatment Readiness Program. Defendant faced up to one year in prison if convicted after trial (see People v Manon, 151 AD3d 626 [2017]). Defendant also has a lengthy criminal record that spanned nearly 30 years, across two states. Indeed, defendant's prior convictions, including a 2002 conviction for criminal possession of a controlled substance in the seventh degree, already rendered him subject to deportation (see 8 USC § 1227 [a][2][A][ii]; People v Haley, 96 AD3d 1168 [2012], lv denied 20 NY3d 1062 [2013]). In the circumstances, it is highly unlikely that defendant, if granted a hearing, could make the requisite showing that he was prejudiced by the plea court's failure to warn him of the possibility of deportation (see People v Olmedo, supra; People v Fernandez, 143 AD3d 505 [2016], lv denied 28 NY3d [2016]; quoting People v Diakite, 135 AD3d 533 [2016], lv denied 27 NY3d 1131 [2016]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: October 11, 2017