The People of the State of New York, Respondent,
against
Sixtus Udeke, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Laurie Peterson, J.), rendered April 29, 2014, convicting him, upon a plea of guilty, of attempted criminal contempt in the second degree, and imposing sentence.




Per Curiam.
Judgment of conviction (Laurie Peterson, J.), rendered April 29, 2014, affirmed.
In view of defendant's knowing waiver of his right to prosecution by information, the facial sufficiency of the accusatory instrument must be assessed under the pleading standard required of a misdemeanor complaint (see People v Dumay, 23 NY3d 518 [2014]). So viewed, the accusatory instrument was jurisdictionally valid because it described facts of an evidentiary nature establishing reasonable cause to believe that defendant was guilty of the charged offense of criminal contempt in the second degree (see Penal Law § 215.50[3]). Defendant's intentional disobedience of the order of protection, which directed him to "stay away" from Brittany Wise, is reasonably inferred from allegations that defendant was observed with Wise in the Union Square subway station, "doubling up and entering through the turnstile together."
Our review of the record indicates that defendant's guilty plea was entered knowingly, voluntarily, and intelligently with the aid of counsel, and after the court sufficiently advised defendant of the constitutional rights he would be giving up by pleading guilty (see People v Conceicao, 26 NY3d 375 [2015]; People v Sougou, 26 NY3d 1052 [2015]). Defendant's contention that he should have been informed that he was entitled to a jury trial on the class B misdemeanor to which he pleaded guilty, because as a noncitizen he would allegedly be deportable if convicted, is unavailing (see People v Suazo, 146 AD3d 423 [2017], lv granted 29 NY3d 1087 [2017]). In any event, even assuming that defendant was entitled to a jury trial, the court's omission of the word "jury" in discussing a defendant's right to a trial does not, by itself, vitiate the validity of a guilty plea (see People v Ayala, 156 AD3d 547 [2017]; People v Mendez, 148 AD3d 555 [2017], lv denied 29 NY3d 1083 [2017]; see People v Williams, 137 AD3d 706 [*2][2016], lv denied 27 NY3d 1141 [2016]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: April 11, 2018