People v Henriquez (2018 NY Slip Op 04505)





People v Henriquez


2018 NY Slip Op 04505


Decided on June 19, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 19, 2018

Sweeny, J.P., Renwick, Manzanet-Daniels, Mazzarelli, JJ.


15741 1581/09

[*1] The People of the State of New York, Respondent,
v
Herbert Henriquez, Defendant-Appellant.


Christina Swarns, Office of the Appellate Defender, New York (Eunice C. Lee of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Sheila L. Bautista of counsel), for respondent.



Judgment, Supreme Court, New York County (Charles H. Solomon, J.), rendered April 20, 2010, convicting defendant, upon his plea of guilty, of grand larceny in the second and third degrees, and sentencing him, as a second felony offender, to an aggregate term of four to eight years, unanimously affirmed.
We previously held the appeal in abeyance (145 AD3d 543 [1st Dept 2016]) and remanded for further proceedings pursuant to People v Peque (22 NY3d 168 [2013], cert denied sub nom. Thomas v New York, 574 US &mdash, 135 S Ct 90 [2014]). On remand, the court correctly determined that defendant failed to show a reasonable probability that he would not have pleaded guilty had the court advised him of the possibility of deportation.
While defendant had significant ties to this country, that factor is outweighed by other factors. At the time he pleaded guilty to grand larceny in this case, defendant was well aware that a prior grand larceny conviction in another county had already rendered him deportable, and that deportation proceedings on the basis of that conviction were already in progress; it was the earlier conviction that ultimately led to his removal, wholly independent of this matter. Furthermore, the disposition offered in the present case was favorable, given the strength of the case and defendant's prior record. In addition, while defendant's trial counsel averred that although he did not specifically recall advising defendant of possible immigration consequences, it was his custom to do so, and the record contains multiple examples of trial counsel discussing his client's immigration issues with the court. Under these circumstances, defendant was not prejudiced by the court's failure to advise him of the possibility of deportation, and vacatur of the plea is not warranted (see People v Manon, 151 AD3d 626 [1st Dept], lv denied 30 NY3d 981 [2017]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 19, 2018
CLERK