People v Bartley (2018 NY Slip Op 05112)





People v Bartley


2018 NY Slip Op 05112


Decided on July 10, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 10, 2018

Friedman, J.P., Gische, Kahn, Singh, Moulton, JJ.


7076 6864/16

[*1]The People of the State of New York, Respondent,
v
Grevelle Bartley, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Allison N. Kahl of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (James J. Wen of counsel), for respondent.



Judgment, Supreme Court, Bronx County (Judith Lieb, J.), rendered March 9, 2017, convicting defendant, after a nonjury trial, of attempted assault in the third degree, attempted obstruction of breathing or blood circulation and harassment in the second degree, and sentencing him to an aggregate term of 20 days in jail and one year of probation, unanimously affirmed. The matter is remitted to Supreme Court for further proceedings pursuant to CPL 460.50(5).
The court's verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 348-349 [2007]). Inconsistencies in the victim's testimony, including those related to prior acts of domestic violence, presented the court with issues of credibility that it properly resolved.
The court providently exercised its discretion in denying defendant's request for a mistrial, or declining to impose any other sanction, based on the People's loss of the victim's handwritten statements in two previous domestic incident reports. Initially, we note that while defense counsel first asked for an adverse inference, she immediately replaced that request with a motion for a mistrial, which was the only request ruled upon by the court, and we conclude that a mistrial would have plainly been a unwarranted remedy. In any event, the reports at issue were transcribed into typewriteen reports, which were provided to defendant. Defendant has failed to show any likelihood of any errors or omissions in the transcription, or any other prejudice (see People v Martinez, 22 NY3d 551, 557 [2014]). Moreover, even if the court had chosen to draw an adverse inference, there is no reasonable possibility that it would have thus reached a different verdict as trier of fact.
Defendant did not preserve his argument that he was constitutionally entitled to a jury trial on class B domestic violence misdemeanors rendering him deportable, and we decline to review it in the interest of justice. As an alternative holding, we also reject it on the merits (see People v Suazo, 146 AD3d 423, 423-424 [1st Dept 2017] lv granted 29 NY3d 1087 [2017]).
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 10, 2018
CLERK