The People of the State of New York, Respondent,
against
Don Johnson, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Denise M. Dominguez, J.), rendered January 15, 2015, convicting him, upon his plea of guilty, of criminal trespass in the second degree, and imposing sentence.




Per Curiam.
Judgment of conviction (Denise M. Dominguez, J.), rendered January 15, 2015, affirmed.
The accusatory instrument was not jurisdictionally defective. It charged all the elements of criminal trespass in the second degree (see Penal Law § 140.15[1]). The instrument recited that defendant was observed inside an "apartment building where people reside, in the eigh[th] floor hallway beyond the vestibule" and beyond a posted "No Trespassing" sign; that defendant informed the officer that he was not a tenant in the building; and that "defendant was not able to [provide] the identity of a building resident of whom the defendant was an invited guest." These allegations, "given a fair and not overly restrictive or technical reading" (People v Casey, 95 NY2d 354, 360 [2000]), were sufficient for pleading purposes to establish that defendant knowingly entered or remained unlawfully in the building (see People v Barnes, 26 NY3d 986, 989 [2015]).
Defendant's contention that his plea was invalid, to the extent preserved for appellate review, is unavailing. The record reveals a knowing, voluntary and intelligent plea. During the allocution, defendant, in the presence of counsel, personally confirmed his desire to plead guilty, stated that no one was forcing him to plead guilty, and fully waived his rights under Boykin v Alabama (395 US 238 [1969]).
Counsel's statement, prior to the allocution, that the "arrest report" lists the location of the trespass as defendant's primary residence, did not require any further inquiry, where counsel did not expressly or implicitly request a ruling, voiced no protest to the plea, and, in fact, asked for and received a sentence of time served (see People v Vargas, 162 AD3d 531 [2018]; see also People v Mendez, 148 AD3d 555 [2017], lv denied 29 NY3d 1083 [2017]). Moreover, defendant stated nothing to suggest that he had a viable defense to the trespass charge (see People v Roberson, 161 AD3d 544, 545 [2018]), and, indeed, acknowledged that on the date of his arrest, he was inside the subject building "without a legitimate purpose for being there."
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: September 26, 2018