People v Delacruz (2018 NY Slip Op 07354)





People v Delacruz


2018 NY Slip Op 07354


Decided on November 1, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 1, 2018

Renwick, J.P., Richter, Manzanet-Daniels, Gische, Tom, JJ.


7533 1070/11

[*1]The People of the State of New York, Respondent,
v
Rumaldo Delacruz, Defendant-Appellant.


Barry A. Weinstein, Bronx, for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Michael J. Yetter of counsel), for respondent.



Judgment, Supreme Court, New York County (Juan M. Merchan, J.), rendered January 3, 2012, as amended January 17, 2017, convicting defendant, upon his plea of guilty, of criminal sale of a controlled substance in the second degree, and sentencing him to a term of 4½ years, unanimously affirmed.
Defendant has not established that the narrow exception to the preservation requirement applies to his Peque claim (see People v Peque, 22 NY3d 168, 182-183 [2013], cert denied Thomas v New York, 574 US , 135 S Ct 90 [2014]). Defendant was informed of his potential deportation by a notice of immigration consequences that the People served upon him, in the presence of his attorney, at arraignment, months before his guilty plea, giving him the opportunity to raise the issue, and rendering his
claim unpreserved (see e.g. People v Barry, 149 AD3d 494 [1st Dept 2017], lv denied 29 NY3d 1123 [2017]; People v Diakite, 135 AD3d 533 [1st Dept 2016], lv denied 27 NY3d 1131 [2016]). Moreover, the court discussed defendant's deportation at the plea proceeding. We decline to review his claim in the interest of justice.
Defendant claims that his counsel provided him with ineffective assistance regarding the immigration consequences of his plea (see Padilla v Kentucky, 559 US 356 [2010]). The record only reflects the fact that the attorney gave him some advice about the immigration consequences, not the content of the advice given (compare People v Doumbia, 153 AD3d 1139 [1st Dept 2017][content of actual advice given on the record]). Because this claim involves matters not reflected in, or fully explained by, the record, it is unreviewable without the benefit of a
fuller record generated by way of a CPL 440.10 motion (see People v Pastor, 28 NY3d 1089, 1091 [2016]; Peque, 22 NY3d at 202-203).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 1, 2018
CLERK