People v Tejeda (2018 NY Slip Op 07930)





People v Tejeda


2018 NY Slip Op 07930


Decided on November 20, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 20, 2018

Renwick, J.P., Richter, Tom, Kapnick, Webber, JJ.


1009 5490/01

[*1]The People of the State of New York, Respondent,
v
Angelo Tejeda, Defendant-Appellant.


Jorge Guttlein & Associates, New York (Juan-Carlos Guttlein of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Frank Glaser of counsel), for respondent.



Judgment, Supreme Court, New York County (Brenda G. Soloff, J. at plea and sentencing; Patricia M. Nuñez, J. at postconviction hearing), rendered July 13, 2004, convicting defendant of criminal sale of a controlled substance in the third degree and sentencing him to a term of 1¾ to 5¼ years, unanimously affirmed.
We previously held this appeal in abeyance (141 AD3d 444 [1st Dept 2016]) in order to afford defendant the opportunity to demonstrate a "reasonable probability" that he would not have pleaded guilty had he been made aware of the deportation consequences of his plea (see People v Peque, 22 NY3d 168, 199, 200 [2013], cert denied 574 US __, 135 S Ct 90 [2014]). A hearing was held in October, 2017. Based upon the evidence adduced at the hearing, we agree with the hearing court that defendant did not meet that burden.
We find no basis for disturbing the hearing court's credibility determinations. The court correctly weighed the relevant Peque factors and found defendant's proof did not establish the requisite reasonable probability. Defendant's evidence of strong family ties to the United States, and his own testimony that he was not advised by counsel or the court of the immigration consequences of his negotiated plea, were outweighed by the strength of the evidence against defendant in the underlying drug case, the potential for a life sentence, and the very favorable terms of the disposition (see e.g. People v Manon, 151 AD3d 626 [1st Dept 2017], lv denied 30 NY3d 981 [2017]).
We have considered defendant's remaining arguments regarding the Peque hearing and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 20, 2018
DEPUTY CLERK