People v Pena (2021 NY Slip Op 50934(U))

[*1]

People v Pena (Abelardo)

2021 NY Slip Op 50934(U) [73 Misc 3d 129(A)]

Decided on October 5, 2021

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on October 5, 2021
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Edmead, P.J., Brigantti, Hagler, JJ.

570159/16

The People of the State of New York,
Respondent,
against
Abelardo Pena, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New
York County (Anthony I. Giacobbe, J.H.O.), rendered February 9, 2016, upon a plea of guilty,
convicting him of petit larceny, and imposing sentence.

Per Curiam.
Judgment of conviction (Anthony I. Giacobbe, J.H.O.), rendered February 9, 2016,
affirmed.
Since defendant did not waive prosecution by information, we assess the sufficiency of the
accusatory instrument based on the standard applicable to an information (see People v Hatton, 26 NY3d
364, 368 [2015]). So viewed, the information was jurisdictionally valid because it contained
"nonconclusory factual allegations that, if assumed to be true, address[ed] each element of the
crime charged, thereby affording reasonable cause to believe that defendant committed that
offense" (People v Middleton, 35
NY3d 952, 954 [2020], quoting People v Matthew P., 26 NY3d 332, 335-336 [2015]). The
information alleged that at a specified date and time, defendant "remove[d] two bottles of
fragrance and one pair of shoes from a rack" inside a specified Century 21 store, then
"conceal[ed] the items inside a bag" and "attempt[ed] to leave the store in possession of the
property without paying for it." Contrary to defendant's claim, these allegations were
nonconclusory and legally sufficient to charge defendant with petit larceny (see Penal
Law § 155.25) and criminal possession of stolen property in the fifth degree (see
Penal Law § 165.40; People v
Livingston, 150 AD3d 448 [2017], lv denied 29 NY3d 1093 [2017]; see also
People v Olivo, 52 NY3d 309, 318-319 [1981]). 
Our review of the record indicates that defendant's plea was knowing, intelligent and
voluntary. At the plea proceeding, defendant admitted he was pleading guilty freely and
voluntarily, he had an opportunity to discuss his case with counsel, and waived specific
constitutional rights, including the right to trial, to call witnesses, to question the People's [*2]witnesses and the right to remain silent (see People v Conceicao, 26 NY3d
375, 383 [2015]). Defendant also executed a form acknowledging receipt of a written copy
of the terms of the conditional discharge and its expiration date (see CPL 410.10[1]; People v Valentin, 66 Misc 3d
136[A], 2020 NY Slip Op 50044[U][App Term, 1st Dept 2020], lv denied 35 NY3d
945 [2020]) and his contention that the plea was invalid because he was not informed of the
requirement of his conditional discharge that he lead a law-abiding life for one year is unavailing
(see People v Rivera, 67 Misc 3d
140[A], 2020 NY Slip Op 50702[U] [App Term, 1st Dept 2020], lv denied 36 NY3d
931 [2020]; People v Cecilio, 65
Misc 3d 148[A], 2019 NY Slip Op 51829[U] [App Term, 1st Dept 2019], lv denied
34 NY3d 1127 [2020]).
Assuming in defendant's favor that the plea court was under a duty to inform him of the
immigration consequences of his guilty plea to this class A misdemeanor, an issue left open in People v Peque, 22 NY3d 168, 197
n 9 (2013), cert denied sub nom. Thomas v New York, 574 US 840 (2014), a
Peque hearing is not required in this particular case, inasmuch as it is highly unlikely,
given the terms and circumstances of the plea, that defendant could make the requisite showing
of prejudice under Peque if granted a hearing. In this regard, the accusatory instrument
established, prima facie, defendant's commission of the charged class A misdemeanors for which
he faced up to 364 days in prison if convicted after trial (see Penal Law § 70.15[1]).
By pleading guilty, defendant received an extremely favorable disposition, a sentence of two days
community service. Defendant also had a lengthy criminal history, including some six prior petit
larceny convictions. In the circumstances, it is highly unlikely that defendant, if granted a
Peque hearing, could make the requisite showing that it was reasonably probable that he
would have forgone the very favorable plea deal and instead insisted on going to trial had he been
informed of the deportation consequences (see People v Olmedo, 149 AD3d 588 [2017], lv denied 29
NY3d 1084 [2017]; People v Barry,
149 AD3d 494 [2017], lv denied 29 NY3d 1123 [2017]).
Finally, we note that if defendant's guilty plea in this case actually results in immigration
consequences, an issue that is far from clear at this juncture, he has a remedy pursuant to the
newly enacted amendment to CPL 440.10(1)(j), which provides for a motion to vacate the
conviction for a class A or unclassified misdemeanor based upon ongoing collateral
consequences, including potential or actual immigration consequences (see CPL
440.10[1][j]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: October 5, 2021