People v Campbell (2025 NY Slip Op 51589(U))

[*1]

People v Campbell (Jonathan)

2025 NY Slip Op 51589(U)

Decided on October 10, 2025

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on October 10, 2025
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Tisch, J.P., Perez, Alpert, JJ.

570192/21

The People of the State of New York, Respondent,
against
Jonathan Campbell, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, Bronx County (Jeffrey Rosenblueth, J.), rendered March 31, 2021, convicting him, upon his plea of guilty, of criminal possession of a controlled substance in the seventh degree, and imposing sentence.

Per Curiam.
Judgment of conviction (Jeffrey Rosenblueth, J.), rendered March 31, 2021, affirmed. 
In satisfaction of an accusatory instrument charging multiple felony and misdemeanor offenses, defendant pleaded guilty to one charge of criminal possession of a controlled substance in the seventh degree, in exchange for a sentence of a conditional discharge. Our review of the record satisfies us that the plea was knowing, voluntary and intelligent (see People v Conceicao, 26 NY3d 375 [2015]). The court sufficiently advised defendant of the rights he was waiving by pleading guilty (see Boykin v Alabama, 395 US 238 [1969]), notwithstanding that it omitted the word "jury" from its reference to the right to a trial (see People v Mendez, 148 AD3d 555, 555 [2017], lv denied 29 NY3d 1083 [2017]; People v Williams, 137 AD3d 706, 706 [2016], lv denied 27 NY3d 1141 [2016]).
Defendant failed to preserve his claim that his plea was invalid because he did not consent to the virtual plea proceeding or waive his right to be physically present (see People v Bonilla, 219 AD3d 1094, 1095 [2023], lv denied 40 NY3d 1038 [2023]),and we decline to review this claim in the interest of justice. As an alternative holding, we find that defendant, through his counsel, validly waived his right to be present and proceed virtually (see People v Thomas, 231 AD3d 524, 525 [2024], lv denied 42 NY3d 1054 [2024]).
In any event, the only relief defendant requests is dismissal of the accusatory instrument, rather than vacatur of the plea, and he expressly requests that this Court affirm his conviction if it does not grant dismissal. Since it cannot be said that no penological purpose would be served by reinstating the charges (see People v Conceicao, 26 NY3d at 385 n), dismissal is not warranted and we therefore affirm on this basis as well.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur 
Decision Date: October 10, 2025