People v Savvides (2026 NY Slip Op 50165(U))

[*1]

People v Savvides (Maria)

2026 NY Slip Op 50165(U)

Decided on February 18, 2026

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 18, 2026

SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: James, P.J., Brigantti, Alpert, JJ.

570575/19

The People of the State of New York, Respondent,

against

Maria Savvides, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, Bronx County (Elizabeth Taylor, J.), rendered August 26, 2018, convicting her, upon her plea of guilty, of petit larceny, and imposing sentence.

Per Curiam.

Judgment of conviction (Elizabeth Taylor, J.), rendered August 26, 2018, affirmed.

Assuming in defendant's favor that the plea court was under a duty to inform her of the immigration consequences of her guilty plea to this class A misdemeanor, an issue left open in People v Peque (22 NY3d 168, 197, n 9 [2013], cert denied 574 US 840 [2014]), a Peque hearing is not required in this particular case, inasmuch as we find no reasonable possibility that defendant could make the requisite showing of prejudice at a hearing, if one were held (see People v Singh, 185 AD3d 480 [2020], lv denied 35 NY3d 1070 [2020]; People v Olmedo, 149 AD3d 588 [2017], lv denied 29 NY3d 1084 [2017]).

The misdemeanor complaint established that defendant committed the offense of petit larceny. By pleading guilty, defendant received a favorable disposition - three days in jail. Defendant faced up to one year in prison if convicted after trial (see People v Manon, 151 AD3d 626 [2017]). Defendant also has an extraordinarily lengthy criminal record - that included 31 prior convictions for petit larceny and one felony conviction for burglary in the third degree - which already rendered her subject to deportation (see 8 USC § 1227 [a] [2] [A] [ii]; People v Lopez, 198 AD3d 515, 515 [2021], lv denied 38 NY3d 929 [2022]; People v Haley, 96 AD3d 1168, 1169 [2012], lv denied 20 NY3d 1062 [2013]). In the circumstances, it is highly unlikely that defendant, if granted a hearing, could make the requisite showing that she was prejudiced by the plea court's failure to warn her of the possibility of deportation (see People v Olmedo, supra; People v Fernandez, 143 AD3d 505 [2016], lv denied 28 NY3d 1123 [2016],quoting People v Diakite, 135 AD3d 533, 533 [2016], lv denied 27 NY3d 1131 [2016]).

THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

I concur I concur I concur
Decision Date: February 18, 2026