The People of the State of New York, Respondent, v Enrique Castillo, Also Known as Enrique C. Fernandez, Appellant. [944 NYS2d 495]—

Judgment, Supreme Court, New York County (Daniel P. Conviser, J.), rendered July 12, 2010, as amended August 6, 2010, convicting defendant, after a jury trial, of offering a false instrument for filing in the first degree (three counts) and attempted petit larceny, and sentencing him to an aggregate term of 3 to 9 years, unanimously affirmed.

The court properly admitted evidence of an uncharged crime. Defendant was charged with filing documents that falsely represented himself as the owner of a building. The court properly received evidence of a similar, uncharged scheme involving a Brooklyn property. The perpetrator of the Brooklyn scheme also filed fraudulent documents, using the same variation on defendant's name, the same address, and the same falsified notary stamp that were used with respect to the property involved in the charged crime. The uncharged scheme was highly relevant to trial issues concerning knowledge, fraudulent intent and motive (see e.g. People v Potter, 30 AD3d 313, 314 [2006], lv denied 7 NY3d 816 [2006]). Furthermore, the charged and uncharged crimes shared a distinctive pattern and were thus admissible as evidence of identity (see People v Beam, 57 NY2d 241, 253 [1982]). There was ample evidence to support the inference that defendant was the perpetrator of the Brooklyn scheme (see People v Robinson, 68 NY2d 541, 544-545 [1986]). Defendant's challenge to the court's limiting instruction is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we find no basis for reversal.

The court properly exercised its discretion in permitting testimony by a judge who had been the attorney for the deceased owner of the property that was the subject of the charged crimes. Defendant argues that this testimony was cumulative to other evidence and served no purpose except to impress the jury by having a judge testify for the prosecution. However, the judge's testimony was clearly relevant, and it could not have caused any prejudice. The word "judge" was mentioned only once, when the witness stated his present employment. Furthermore, the court offered to instruct the jury that a judge's testimony should be treated like that of any witness, but defendant declined that offer.

The court properly admitted statements made at arraignment by defendant's former counsel. These were vicarious admissions by defendant, made through his agent (*see People v Brown*, 98 NY2d 226, 232-233 [2002]). Accordingly, these statements were properly introduced into evidence by way of the testimony of a court reporter. Defendant's argument that the circumstances required the People to call the former counsel as a witness is unpersuasive.

We perceive no basis for reducing the sentence. Concur—Andrias, J.P., Saxe, Catterson, Renwick and Román, JJ.