■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROLANDO CABRERA, Appellant. [21 NYS3d 202]—

Judgment, Supreme Court, New York County (Maxwell Wiley, J.), rendered September 3, 2014, convicting defendant, after a jury trial, of course of sexual conduct against a child in the second degree and three counts of public lewdness, and sentencing him to an aggregate term of four years, unanimously affirmed.

The court properly exercised its discretion in declining to permit defendant to call a retired detective as an expert on police procedures, and this ruling did not violate defendant's constitutional right to present a defense (*see Crane v Kentucky*, 476 US 683 [1986]). Under the circumstances of the case, the proposed testimony consisted of matters that were speculative, that were within the knowledge of the typical juror, or that

were, or could have been, explored through fact witnesses (*see generally People v Cronin*, 60 NY2d 430 [1983]; *see also People v Inoa*, 25 NY3d 466 [2015]). Contrary to defendant's assertion, the People introduced only factual testimony, rather than any expert opinions, on this subject.

By contrast, the testimony of the People's expert on child sexual abuse was entirely proper. Her testimony was beyond the knowledge of the average juror, and it did not opine on the victim's credibility or the particular factual allegations in the case (*see People v Spicola*, 16 NY3d 441, 465-466 [2011], *cert denied* 565 US —, 132 S Ct 400 [2011]; *People v Carroll*, 95 NY2d 375, 387 [2000]).

Defendant was not prejudiced when a former prosecutor, who gave relevant testimony as a fact witness, briefly mentioned that he had become a judge, since the prosecution did not exploit the witness's status to suggest to the jury that he had enhanced credibility (*see People v Castillo*, 94 AD3d 678 [1st Dept 2012], *lv denied* 19 NY3d 971 [2012]). We have considered and rejected defendant's remaining arguments concerning this witness's testimony.

Defendant's challenges to the prosecutor's summation are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal (*see People v Overlee*, 236 AD2d 133 [1st Dept 1997], *lv denied* 91 NY2d 976 [1998]; *People v D'Alessandro*, 184 AD2d 114, 118-119 [1st Dept 1992], *lv denied* 81 NY2d 884 [1993]). The remarks in question constituted permissible comment on the evidence and the reasonable inferences to be drawn therefrom, and they did not deprive defendant of a fair trial. We have considered and rejected defendant's related claim of ineffective assistance of counsel.

Defendant's legal sufficiency claim regarding the public lewdness convictions is unpreserved and we decline to review it in the interest of justice. His argument that two of the public lewdness counts were duplicitous is without merit. Concur— Gonzalez, P.J., Sweeny, Manzanet-Daniels and Kapnick, JJ.