■ UNITED STATES FIDELITY & GUARANTY COMPANY et al., Respondents, v AMERICAN RE-INSURANCE COMPANY et al., Appellants, et al., Defendants. [42 NYS3d 790]—

Order, Supreme Court, New York County (Eileen Bransten, J.), entered May 13, 2016, which, to the extent appealed from, denied defendants Ace Property & Casualty Insurance Company and Century Indemnity Company's motion for a change of venue, unanimously affirmed, with costs. Appeals by American Re-Insurance Company, Express Casualty Reinsurance Association, and Excess and Treaty Management Corporation from the aforesaid order unanimously withdrawn in accordance with the stipulation of the parties filed November 28, 2016.

In this reinsurance coverage dispute, defendants have moved, on the eve of trial, for a change of venue pursuant to CPLR 510 (2) on the ground that "an impartial trial [could not] be had." Defendants based this motion on the fact that plaintiffs' former lead counsel, who was scheduled to be a fact witness, had retired from law firm practice and become a Justice of the Supreme Court, Commercial Division. In the first instance, we note that the motion court correctly determined that defendants' motion for a change of venue was untimely, in that they waited nine months after his designation as an Acting Justice of the Supreme Court, and until the

eve of trial; all of the arguments raised by defendants in support of venue change existed when he was appointed a Justice to New York County at that time, not when he was later appointed to the Commercial Division within the same county.

To succeed on a CPLR 510 (2) motion, a movant must adduce factual evidence demonstrating that there is a strong possibility that an impartial trial cannot be had in the venued county (*Locker v 670 Apts. Corp.*, 232 AD2d 176 [1st Dept 1996]; *see also Matter of Michiel*, 48 AD3d 687, 687 [2d Dept 2008]).

Here, defendants' arguments ·consist not of factual evidence, but of conclusory allegations, beliefs, suspicions, and the repeated invocation of the phrase "appearance of impropriety." The evidence in the record demonstrates that the motion court providently exercised its discretion in denying defendants' motion. There is no personal relationship between the trial judge and the judge-witness and no personal relationship between the judge-witness and the party (*see Locker*, 232 AD2d at 176). The mere fact that the jury may discover a nonparty witness is a judge is not enough to prejudice a defendant where a plaintiff does not seek to exploit the witness's status to enhance his credibility (*see e.g. People v Cabrera*, 133 AD3d 495, 496 [1st Dept 2015], *lv denied* 28 NY3d 927 [2016]). Moreover, the same concerns would exist, no matter in what venue the case is tried.We have considered the remaining arguments and find them unavailing. Concur—Friedman, J.P., Moskowitz, Webber, Kahn and Gesmer, JJ.