■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK SPALLONE, Appellant. [55 NYS3d 198]—

Judgment, Supreme Court, New York County (Edward J. McLaughlin, J.), rendered July 19, 2016, convicting defendant, after a jury trial, of identity theft in the first degree, criminal possession of a forged instrument in the second degree and criminal possession of forgery devices, and sentencing him to concurrent terms of two to six years, unanimously modified, as a matter of discretion in the interest of justice, to the extent of reducing the sentence to concurrent terms of six months, concurrent with five years' probation, and otherwise affirmed. The matter is remitted to Supreme Court for further proceedings pursuant to CPL 460.50 (5).

We find that the court's reference to the prospect of a retrial

in the event that the jury did not reach a verdict was not coercive under the circumstances (*see e.g. People v Strother*, 30 AD3d 346, 346 [1st Dept 2006], *lv denied* 7 NY3d 818 [2006]). While the court's brief comment that it would be "upsetting" if such a diverse jury could not reach a verdict was improvident, the court nevertheless reminded the jury several times to decide the case based on the evidence, and that it was not asking any juror to violate his or her conscience, or abandon his or her best judgment.

Since the jury acquitted defendant of the only charge about which an uncalled witness had material knowledge, defendant's argument that the court should have granted his request for a missing witness charge regarding this witness is moot, and his arguments to the contrary are unavailing.

In this case involving defendant's effort to vacate a default judgment by means of a falsely notarized affidavit, the testimony of the justice who presided over the civil lawsuit was admissible as proof that the allegedly false statements in defendant's affidavit were material, and were submitted to a "public servant in the performance of [her] official functions" (Penal Law § 210.40). Under the circumstances of the case, the fact that this relevant testimony came from a sitting judge was not prejudicial (*see People v Castillo*, 94 AD3d 678, 678 [1st Dept 2012], *lv denied* 19 NY3d 971 [2012]). The justice's testimony that she referred the matter to the "proper parties," while noting it was not her position to decide whether anyone had done anything wrong, was limited and brief, and was admissible to complete the narrative of events leading to defendant's arrest (*People v Morgan*, 193 AD2d 467, 467 [1st Dept 1993], *lv denied* 81 NY2d 1077 [1993]). The court instructed the jury that no witness, including a judge, is presumed to be more or less truthful than someone with a different occupation, further ensuring against any risk that the jury would give her testimony undue weight. Finally, to the extent that defendant challenges portions of the testimony that defense counsel elicited, those challenges are waived.

The prosecutor's comments in summation attacking the veracity of statements in defendant's affidavit and the credibility of his trial testimony were not improper in this case, where defendant was charged with various crimes requiring proof that he made false statements and acted with intent to deceive, and the prosecutor's arguments were not inflammatory (*see People v Korsen*, 167 AD2d 180, 181 [1st Dept 1990], *lv denied* 77 NY2d 962 [1991]; *see also People v Overlee*, 236 AD2d 133, 136 [1st Dept 1997], *lv denied* 91 NY2d 976 [1998]).

Defendant did not preserve his remaining challenges to the prosecutor's summation, or to certain comments by the court (most of which were made outside the jury's presence), and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal.

We find the sentence excessive to the extent indicated. Concur—Acosta, P.J., Renwick, Mazzarelli, Andrias and Manzanet-Daniels, JJ.