■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK ROUSE, Appellant. [64 NYS3d 547]—

Judgment, Supreme Court, New York County (Thomas Farber, J. at suppression hearing; Anthony J. Ferrara, J. at jury trial and sentencing), rendered June 11, 2015, convicting defendant of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of six years, unanimously affirmed.

The court properly denied defendant's suppression motion. It is undisputed that the hearing evidence established probable cause for defendant's arrest. Under the circumstances presented, the People did not receive sufficient notice that defendant would be arguing that, notwithstanding the presence of probable cause, the search might still have been conducted in a manner warranting suppression. In any event, there is no basis, other than speculation, to support defendant's assertion that there may have been a strip search, a search of a closed container, or anything other than an ordinary search incident to arrest.

Defendant's contention that certain testimony violated his right of confrontation is moot because the jury acquitted defendant of the charge to which that evidence pertained (*see People v Spallone*, 150 AD3d 556 [1st Dept 2017], *lv denied* 29 NY3d 1134 [2017]). To the extent that the evidence could be viewed as supporting the remaining charge, we find that any violation of the Confrontation Clause was harmless in light of the overwhelming evidence of guilt (*see People v Crimmins*, 36 NY2d 230 [1975]), which included the recovery of prerecorded buy money from defendant.

The challenged portions of the People's summation were fair responses to defense counsel's own summation, or fair comment on the evidence, and there was nothing so egregious as to warrant a new trial (*see People v Overlee*, 236 AD2d 133 [1st Dept 1997], *lv denied* 91 NY2d 976 [1998]; *People v D'Alessandro*, 184 AD2d 114, 119 [1st Dept 1992], *lv denied* 81 NY2d 884 [1993]). Concur—Tom, J.P., Friedman, Andrias and Gesmer, JJ.