People v Bar (2019 NY Slip Op 07011)





People v Bar


2019 NY Slip Op 07011


Decided on October 1, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 1, 2019

Richter, J.P., Gische, Kapnick, Kern, Moulton, JJ.


9947 3872/14

[*1]The People of the State of New York, Respondent,
v
Janice Bar, Defendant-Appellant.


Law Office of Bruno C. Bier, New York, (Bruno C. Bier of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Brent Ferguson of counsel), for respondent.



Judgment, Supreme Court, New York County (Edward J. McLaughlin, J.), rendered July 29, 2016, convicting defendant, after a jury trial, of forgery in the second degree and making an apparently sworn false statement in the first degree, and sentencing her to concurrent terms of one to three years, unanimously modified, as a matter of discretion in the interest of justice, to the extent of reducing the sentence to concurrent terms of six months, concurrent with five years' probation, and otherwise affirmed. The matter is remitted to Supreme Court for further proceedings pursuant to CPL 460.50(5).
Defendant's legal insufficiency claim is unpreserved, and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. We also find that the verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). The evidence, along with reasonable inferences that could be drawn therefrom, established the elements of the crimes at issue based on an acting in concert theory, as well as establishing venue in New York County.
Defendant's challenges to the court's jury charge and supplemental deadlock instruction are unpreserved, and we decline to review them in the interest of justice. As an alternative holding, we find that any defect in the court's charge on forgery in the second degree was harmless, and we also find, as we did on the jointly tried codefendant's appeal (People v Spallone, 150 AD3d 556, 556-557 [1st Dept 2017], lv denied 29 NY3d 1134 [2017]) that while the supplemental instruction contained improvident language, it was not coercive under all the circumstances.
We find the sentence excessive to the extent indicated.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 1, 2019
CLERK