People v Mullen (2022 NY Slip Op 03457)





People v Mullen


2022 NY Slip Op 03457


Decided on May 26, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 26, 2022

Before: Manzanet-Daniels, J.P., Kapnick, Shulman, Rodriguez, Pitt, JJ. 


Ind. No. 2912/18 Appeal No. 16024 Case No. 2019-05476 

[*1]The People of the State of New York, Respondent,
v
William Mullen, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Elizabeth G. Caldwell of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Patricia Curran of counsel), for respondent.



Judgment, Supreme Court, New York County (Laura A. Ward, J.), rendered Oct0ber 22, 2019, convicting defendant, after a jury trial, of strangulation in the second degree, and sentencing him to a term of 90 days and 5 years' probation, unanimously affirmed.
The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations. The physical injury element of second-degree strangulation was established by the victim's testimony and medical evidence that supported an inference of substantial pain (see People v Chiddick, 8 NY3d 445, 447 [2007]; People v Guidice, 83 NY2d 630, 636 [1994]). Defendant's actions, including applying pressure to the victim's neck for about five minutes, preventing the victim from breathing and causing him to almost lose consciousness, supported an inference of intent to "impede the normal breathing or circulation of the blood of another person" (Penal Law §§ 121.11, 121.12; Matter of Kenrick C., 143 AD3d 600 [2016]).
The court providently exercised its discretion (see generally People v Brown, 97 NY2d 500, 505 [2002]) in declining to permit defendant to call a retired police lieutenant as an expert in unarmed combat, because the proposed testimony consisted of matters that were within the knowledge of the typical juror (see People v Cabrera, 133 AD3d 495 [1st Dept 2015], lv denied 28 NY3d 927 [2016]).
The court correctly denied defendant's request for a jury instruction on intoxication. Although defendant testified about his alcohol consumption, his behavior was purposeful. There was no reasonable view of the evidence that he was so intoxicated as to be unable to form the requisite intent (see People v Sirico, 17 NY3d 744 [2011]).
Defendant did not preserve his claim regarding limitations on his testimony, or any constitutional arguments on any issues, and we decline to review these claims in the interest of justice. As an alternative holding, we find no basis for reversal.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 26, 2022