## Method Gen. Contrs. LLC v West Lake 217 Thompson LLC

2025 NY Slip Op 31683(U)

May 8, 2025

Supreme Court, New York County

Docket Number: Index No. 160714/2024

Judge: Mary V. Rosado

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | | |
|---|---|---|
| PRESENT: | **HON. MARY V. ROSADO** | PART 33M |
| | *Justice* | |

---------------------------------------------------------------------X

METHOD GENERAL CONTRACTORS LLC,

Plaintiff,

- v -

WEST LAKE 217 THOMPSON LLC, RYCO CAPITAL, LLC, JOHN DOE NO. 1 - 5

Defendant.

---------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 160714/2024 |
| MOTION DATE | 01/06/2025 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42

were read on this motion to/for _____ CHANGE VENUE _____.

Upon the foregoing documents, and after a final submission date of March 4, 2025, Defendants West Lake 217 Thomspon LLC ("West Lake") and RYCO Capital LLC ("Ryco") (collectively "Defendants") motion to change venue is granted.

On July 27, 2023, Plaintiff Method General Contractors LLC ("Plaintiff") entered a construction contract (the "Contract") with Defendants to serve as a construction manager at a construction site at 217 Thompson Street, New York, New York (the "Premises") (NYSCEF Doc. 15). Allegedly Defendants did not pay Plaintiff according to the Contract, and on October 16, 2024, Plaintiff asserted a mechanic's lien against the Premises in the amount of $404,165.30 (NYSCEF Doc. 3). Now, Plaintiff brings this action to foreclose on the mechanic's lien. Defendants move to change venue to Ontario County pursuant to CPLR 501, 510(1) and 511, and Plaintiff opposes.

Pursuant § 12.2 of the Contract, the parties agreed that:

"Any controversy or claims arising out of this Agreement not resolved by mediation shall be subject to litigation. Any lawsuit or proceeding regarding or relating to an

160714/2024 METHOD GENERAL CONTRACTORS LLC vs. WEST LAKE 217 THOMPSON LLC ET AL
Motion No. 001

Page 1 of 4

[* 1]

unresolved dispute between the parties, regardless of whether there are other parties to this dispute, shall be commenced and filed in a court of competent jurisdiction in Ontario, New York…" (NYSCEF Doc. 15).

Forum selection clauses are routinely enforced absent a showing that enforcement would be "unreasonable, unjust, in contravention of public policy, invalid due to fraud or overreaching, or…that a trial in the selected forum would be so gravely difficult that the challenging party would, for all practical purposes, be deprived of its day in court" (*Grant v United Odd Fellow*, 187 AD3d 440, 441 [1st Dept 2020] quoting *Puleo v Shore View Ctr. for Rehabilitation & Health Care,* 132 AD3d 651, 652 [2d Dept 2015]). Here, there are no allegations of fraud to void the forum selection clause (*Martin v Workmen's Circle Multicare Ctr.*, 171 AD3d 490 [1st Dept 2019]). Nor would enforcing the contract, which Plaintiff agreed to, violate any public policy (*Hendricks v Wayne Ctr. for Nursing and Rehabilitation*, 194 AD3d 648, 649 [1st Dept 2021]). Nor does any party dispute the authenticity of the contract (*Knight v New York and Presbyterian Hospital*, 42 NY3d 699, 703 [2024]).

While Plaintiff's attorney tries to insert ambiguity into the contract via affirmation, it is well settled that a plaintiff's counsel's affirmation, made without any personal knowledge of the facts, is devoid of probative value (*see generally Beltre v Babu*, 32 AD3d 722 [1st Dept 2006]; *Belmonte v Metropolitan Life Ins. Co.*, 304 AD2d 471 [1st Dept 2003]). In any event, neither of the fact witnesses, who submitted affidavits on this motion and were parties to the contract, dispute that "Ontario New York" means Ontario County New York (*see* NYSCEF Docs. 16 and 25).[1] Moreover, courts are loath to find provisions in contracts negotiated between two sophisticated

---

[1] There is no Supreme Court in the town of Ontario, New York, which apparently is inhabited by approximately 10,000 people. The plain, common sense reading of the clause makes clear the parties mean Ontario County New York, which is the only equivalent to a county level Supreme Court in New York. This could be the only meaning as the parties stated the litigation shall be held "in a court of competent jurisdiction in Ontario, New York" – there is no court of competent jurisdiction except at the county level.

160714/2024   METHOD GENERAL CONTRACTORS LLC vs. WEST LAKE 217 THOMPSON LLC          Page 2 of 4
ET AL
Motion No. 001

[* 2]                                    2 of 4

business entities at arm's length unenforceable (*Vermont Teddy Bear Co., Inc. v 538 Madison Realty Co.*, 1 NY3d 470, 475 [2004]).

While Plaintiff claims it will not have a fair trial in Ontario County because of the prominence of certain individuals associated with Defendants, Plaintiff cites to no case law in support of this position, and it would be inappropriate for this Court to cast doubt on Ontario County Supreme Court's ability to be fair and impartial (*see also United States Fidelity & Guar. Co. v American Re-Ins. Co.*, 145 AD3d 600, 601 [1st Dept 2016]; *Locker v 670 Apartments Corp.*, 232 AD2d 176 [1st Dept 1996]). And although Plaintiff claims it and witnesses may be inconvenienced by a trial in Ontario County, this does not take away from the fact that Plaintiff agreed to litigate its disputes in Ontario Supreme Court. In any event, any inconvenience can be significantly ameliorated through virtual proceedings and *de bene esse* depositions, should this case go to trial.

Simply put, although perhaps not the most artfully drafted, the forum selection clause, coupled with the fact witness affidavits, make clear that the parties agreed to litigate disputes arising from the Contract in Ontario County Supreme Court. Plaintiff cannot accept the benefit of the Contract, which involved payment of over $6 million, while at the same time seek to avoid its obligations pursuant to the forum selection clause it negotiated and agreed to based on "inconvenience." Therefore, Defendants' motion to change venue to Ontario County is granted.

Accordingly, it is hereby,

ORDERED that the motion for a change of venue is granted and venue of this action is changed from this Court to the Supreme Court, County of Ontario; and it is further

160714/2024  METHOD GENERAL CONTRACTORS LLC vs. WEST LAKE 217 THOMPSON LLC          Page 3 of 4
ET AL
Motion No. 001

3 of 4

[* 3]

ORDERED that the Clerk of this Court shall transfer the file in this action to the Clerk of the Supreme Court, County of Ontario and shall mark his records to reflect such transfer; and it is further

ORDERED that, within 10 days from entry of this order, counsel for movant shall serve a copy of this order with notice of entry upon the Clerk of this Court, shall pay the appropriate transfer fee, if any, and shall contact the staff of the Clerk of this Court and cooperate in effectuating the transfer; and it is further

ORDERED that the Clerk of the Court shall coordinate the transfer of the file in this action with the Clerk of the Supreme Court, Ontario County, so as to ensure an efficient transfer and minimize insofar as practical the reproduction of documents, including with regard to any documents that may be in digital format; and it is further

ORDERED that such service upon the Clerk of this Court shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website; and it is further

ORDERED that within ten days of entry, counsel for Defendants shall serve a copy of this Decision and Order on Plaintiff via NYSCEF.

This constitutes the Decision and Order of the Court.

| 5/8/2025 | *My V Rnd. JSC* |
|---|---|
| DATE | HON. MARY V. ROSADO, J.S.C. |

| CHECK ONE: | [x] CASE DISPOSED | | [ ] NON-FINAL DISPOSITION | |
|---|---|---|---|---|
| | [x] GRANTED | [ ] DENIED | [ ] GRANTED IN PART | [ ] OTHER |
| APPLICATION: | [ ] SETTLE ORDER | | [ ] SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | [x] INCLUDES TRANSFER/REASSIGN | | [ ] FIDUCIARY APPOINTMENT | [ ] REFERENCE |

**160714/2024 METHOD GENERAL CONTRACTORS LLC vs. WEST LAKE 217 THOMPSON LLC ET AL**
**Motion No. 001**

Page 4 of 4